Rev. 7/06
CO Hab Corp
AO 241 amd.

**FILED** Page 1

**JAN 2 9 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**WILLIAM PHILIP CAMP JR.**

NAME (Under which you were convicted)

**REG. NO.   10940-021**

PRISON NUMBER

**F.C.I. Oakdale**

PLACE OF CONFINEMENT/ADDRESS

**P.O. Box 5000**

**Oakdale, LA 71463**

CASE NUMBER   1:07CV00224

JUDGE: Rosemary M. Collyer

DECK TYPE: Habeas Corpus/2255

DATE STAMP:   /29/2007

**WILLIAM PHILIP CAMP JR.**                    )
(Full Name)                    Petitioner            )
                                                      )
                                                      )
                v.                                    )
**ALBERTO GONZALES, ESQ. AND**                        )
**HARLEY G. LAPPIN, DIR.**                            )
                                                      )
(Name of Warden, Superintendent, Jailor, or          )
authorized person having custody of petitioner)      )
                            Respondent                )

Civil Action No.: _____
(To be filled in by Clerk)

## PETITION FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN CUSTODY IN THE DISTRICT OF COLUMBIA

### INSTRUCTIONS - PLEASE READ CAREFULLY

1. This petition must be legibly handwritten or typed, and signed by the petitioner. <u>Any false statement of material fact may serve as the basis for prosecution and conviction for perjury.</u> All questions must be answered concisely in the proper space on the form.

3. Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

4. Upon receipt, your petition will be filed if it is in proper order and is accompanied by a $5.00 filing fee. Your check or money order should be made payable to: Clerk, U.S. District Court.

1

5.  If you cannot afford to pay the filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the affidavit on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

6.  Only sentences imposed by one court may be challenged in a single petition. If you seek to challenge sentences entered by different courts, you must file separate petitions as to each court.

7.  When you have completed the form, send the original and one copy to:
    Clerk, United States District Court for the District of Columbia
    Room 1225
    333 Constitution Avenue, NW
    Washington, DC 20001

9.  <u>Petitions which do not conform to these instructions may be returned with a notation as to the deficiency.</u>

## PETITION

1.  (a)  Name and location of court which imposed the sentence (or detention) of conviction you are challenging:
    <u>U.S. DIstrict Court Southern District of Georgia (Savannah)</u>

2.  (a)  Date of the sentence (or detention): <u>April 20, 2004</u>

3.  Length of sentence: <u>46 months</u>

4.  Nature of offense involved (all counts): <u>Title 18 §922(g)(1)</u>

5.  (a)  What was your plea? (Check one):
    ☐  Not guilty
    ☒  Guilty
    ☐  Nolo Contendere (no contest)
    ☐  Insanity

(b)    If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: **N/A**

_____

_____

_____

_____

_____

_____

6.    Have you previously filed any petitions, applications, or motions with respect to this sentence in any court?

☐    Yes

☒    No

7.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1)    Name of Court: N/A

(2)    Nature of the proceedings:  N/A

_____

_____

_____

(3)    Grounds raised:  N/A

_____

_____

_____

_____

(4)    Did you receive an evidentiary hearing on your petition, application or motion?

☐    Yes  N/A

☐    No

(5)    Result:   N/A

(6)    Date of result:  N/A

(b)    As to any second petition, application, or motion, give the same information:

(1)    Name of Court:   N/A

(2)    Nature of the proceedings:  N/A

_____

_____

_____

(3)    Grounds raised:  N/A

_____

_____

_____

_____

(4)    Did you receive an evidentiary hearing on your petition, application or motion?

☐    Yes  N/A

☐    No

(5)    Result:  N/A

(6)    Date of result: ___N/A___

(c)    As to any third petition, application, or motion, give the same information:
    (1)    Name of Court: __N/A__
    (2)    Nature of the proceedings: __N/A__
        _____
        _____
        _____

    (3)    Grounds raised: __N/A__
        _____
        _____
        _____
        _____

    (4)    Did you receive an evidentiary hearing on your petition, application or motion?
        ❏    Yes    N/A
        ❏    No
    (5)    Result: __N/A__
    (6)    Date of result: __N/A__

(d)    Did you appeal to the highest court having jurisdiction for the result of action taken in any petition, application or motion?  N/A
    (1)    First petition, etc." N/A
        ❏    Yes
        ❏    No
    (2)    Second petition, etc.: N/A
        ❏    Yes
        ❏    No

    (3)    Third petition, etc.: N/A
        ❏    Yes
        ❏    No

(e)    If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not: __N/A__
    _____
    _____
    _____
    _____
    _____

8.    State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and <u>facts</u> supporting same.

Page 5

A.    GROUND ONE:  **Ineffective Assistance of Counsel**
      (a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:  **Counsel failed ab initio to raise or challenge any of the issues presented herein**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

B.    GROUND TWO: **Lack of Federal Legislative Jurisdiction over the Locus in quo.**
      (a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:  **See, Attached Memorandum of Law with Incorporated Points and Authorities.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

C.    GROUND THREE: **Lack of Federal Subject Matter Jurisdiction over the alleged prohibitive conduct - want of Commerce Nexus**
      (a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:  **See, Attached Memorandum of Law with Incorporated Points and Authorities.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 6

D.    GROUND FOUR:  **Mis-Application of Federal Law, where such is**
      (a)   Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your **unenacted, unpromulgated and unimplemented.**
      claim:  **See, Attached Memorandum of Law with Incorporated**
      _____**Pointa and Authorities.**_____
      _____
      _____
      _____
      _____
      _____
      _____
      _____
      _____
      _____
      _____

9.    If any of the grounds listed in 12A, B, C, or D were not previously presented in any other court,
      District of Columbia or Federal, state briefly what grounds were not so presented, and give your
      reasons for not presenting them:  _____**N/A**_____
      _____
      _____
      _____
      _____
      _____
      _____
      _____
      _____

10.   Do you have any petition or appeal pending in any other court, either, District of Columbia or
      Federal, as to the sentence (or detention) under attack?
            ☐      Yes
            **XX**    No

      (a)   If so, give the name and location of the court and case number, if known: _____
            **N/A**_____
            _____
            _____

11.   Do you have any future sentence to serve after you complete the sentence (or detention) under
      attack?
            ☐      Yes
            **XX**    No

      (a)   If so, give name and location of court which imposed sentence to be served in the future:
            _____**N/A**_____
            _____
            _____

Page 7

(b) And give date and length of sentence to be served in future: __N/A__

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? N/A

☐ Yes

☐ No

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_William Philip Camp Jr._
Petitioner's Signature    WILLIAM PHILIP CAMP JR/Pro-Se
REG. NO. 10940-021

_12-27-06_
Date

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAM PHILIP CAMP JR.** | CASE No. <u>04-00251-CR-WTM-4</u> |
| Petitioner, | RE: CASE No. _____ |
| vs. | |
| **ALBERTO GONZALES, ESQ., ATTORNEY GENERAL FOR THE "UNITED STATES,"** | **APPLICATION FOR WRIT OF HABEAS CORPUS** |
| and | **BROUGHT IN THE NATURE OF COMMON LAW WRIT OF HABEAS CORPUS** |
| **HARLEY G. LAPPIN, DIR., FEDERAL BUREAU OF PRISONS,** | <u>**TITLE 28 U.S.C. §2241**</u> |
| Respondents. | |

BEFORE THIS HONORABLE COURT:

COMES NOW, WILLIAM PHILIP CAMP JR., in want of counsel, Petitioner, in the above styled action, (hereinafter "Petitioner"), and as for a VERIFIED PETITIONER FOR WRIT OF HABEAS CORPUS, shows to the court as follows:

1.

That the relief sought herein is provided under the law of Habeas Corpus, in the Common Law, the Constitution and Statutes of the United States of America, and the Federal Civil Court Rules and Procedures. (See attached Memorandum of Law with Incorporated Points and Authorities).

0? 0224    **FILED**

JAN 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2.

That beginning on September 8, 2004, Petitioner herein, has been and is presently imprisoned and restrained of his liberty in violation of the rights thereof as set forth and guaranteed in the Constitution of the United States and Federal Laws made in conformance therewith.

3.

That, William Philip Camp Jr., Petitioner herein, is incarcerated in the Federal Correctional Institution, **Oakdale, Louisiana,** in violation of the Constitutional rights of the Petitioner herein, as set forth, without restriction, in Article V, VI, VIII, and XIV in Amendment of the Constitution of the United States, as amended AD 1791.

4.

That the said incarceration of William Philip Camp Jr., Petitioner herein, was ordered by **United States District Judge William T. Moore, Jr., of the Southern District of Georgia, Savannah Division, in Case No. 04-00251-CR-WTM-4,** a copy of the order of charging instrument/indictment and Order of Judgment in such case is attached herewith as **Exhibit (a),** to establish that the respondents named above, in the caption area, are the proper custodians over the Petitioner, and thereby the appropriate parties to the instant case.

5.

That this court has personal jurisdiction over the respondent named in the caption area above in the nature of 28 U.S.C. §88; 49 Stat. 1921, June 25, 1936, and the 80th Congress, House Report No. 308, it is shown that the district court of the United States

///// - 2 Application for Common Law Writ of Habeas Corpus

for the District of Columbia, is a Constitutional Court, rather than a Legislative-Territorial Court, and therefore is duly empowered under the Constitution of the United States of America, as amended anno Domini 1791, and by way of an Act of Congress, to entertain the instant cause at bar, whereby the Petitioner invokes this Court's Original Jurisdiction.

6.

That defense counsel rendered ineffective assistance where counsel failed ab initio to raise or challenge any of the issues raised herein.

7.

That the government in want of **Legislative Territorial** or **Admiralty Jurisdiction** over the locus in quo.

8.

That the government moved in want of **Federal Subject Matter Jurisdiction** by failing to charge or prove that the alleged prohibitive act transcended the borders of the sovereign state in violation of the **Federal Interstate Commerce Clause.**

9.

That there is no amendment to the Federal Constitution ratified by three-fourths of the sovereign state to provide for nationwide jurisdiction and application of the **Federal Statutory Provisions** under which the Petitioner is charged.

10.

That the **Federal Statutory Provisions** under which the Petitioner is charged are unenacted by Congress, have not been promulgated in

///// - 3 Application for Common Law Writ of Habeas Corpus

the **Federal Register** or possessed implementing authorities in the **Code of Federal Regulations,** and thus do not apply over private citizens.

11.

That to construe or to convert the instant non-statutory **Common Law Writ of Habeas Corpus** into a statutory pleading will be taken as a denial of the pleading as submitted; thus the sustainment of the unlawful incarceration of William Philip Camp Jr., causing injury and in the nature of 42 U.S.C. §§1331, 1983, 1985 and 1986.

12.

That the court is presumed to possess superior knowledge of **Law,** thus the court would be deemed to know from the facts and the law presented and the proceeding before the **Court Record,** that William Philip Camp Jr., is in violation of his <u>Constitutional Rights</u> where the court is compelled to provide a <u>remedy-in-law</u> for relief from such unlawful custody.

**WHEREFORE,** in the nature of §2241 & §2243, of Title 28 of the United States Code (June 25, 1948 c. 646, 62 Stat. 965), William Philip Camp Jr., requests the court to prepare and issue an Order, directing the respondent to Show Cause, within 3 days, from the date of service, why the instant **Common Law Writ,** should not be GRANTED, where all issues presented, are only questions of law. The respondent will not be under burden to produce records, evidence, witnesses, or prepare for a hearing, and no additional time would be required.

In the nature of the principal pronounced in 1 Stat. 122, May 26, 1970, Sec. 2, March 27, 1804, Stat. 298, Sec. 2, William Phillip Camp, Jr., executes the foregoing.

Date: 12-27- , 2006

Respectfully Submitted by:

*William Philip Camp Jr.*

William Philip Camp Jr./Pro-Se
Reg. No. 10940-021

///// - 5 Application for Common Law Writ of Habeas Corpus

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM PHILIP CAMP JR. | CASE No. <u>04-00251-CR-WTM-4</u> |
| Petitioner, | RE: CASE No. _____ |
| vs. | **CAUSE** |
| ALBERTO GONZALES, ESQ.,<br>ATTORNEY GENERAL FOR THE<br>"UNITED STATES," | MEMORANDUM OF LAW<br>WITH INCORPORATED<br>POINTS AND AUTHORITIES |
| and | IN SUPPORT OF COMMON<br>LAW WRIT OF HABEAS CORPUS |
| HARLEY G.LAPPIN,  DIR.,<br>FEDERAL BUREAU OF PRISONS, | <u>TITLE 28 U.S.C. §2241</u> |
| Respondents. | |

**BEFORE THIS HONORABLE COURT:**

**COMES NOW,** William Philip Camp Jr.,  in want of counsel, accused in the above referenced cause, and as for the Petitioner for the Common Law Writ of Habeas Corpus, shows this Honorable Court as follows:

1.

That relief sought herein, is provided for under the Common Law, the Constitution of the United States of America, as amended AD 1791, Article I §9 Cl 2, and in the nature of 28 U.S.C. §2241.

2.

That this Honorable Court has personal jurisdiction over the respondents named in the  caption area, supra, in the nature of D.C. Code §13-422, and 28 U.S.C. §1331, 1332, and 28 U.S.C. §2241. where both respondents have their principle place of business within the District of Columbia.

3.

That in tha nature of **Adams v. United States**, DK. No. 97-2263 ( 2nd Cir. 1998), the Court is compelled to entertain the instant pleading as submitted and to not attempt to construe or concert the pleading into any other statutory provision.  See, **United States v. Morgan**,  346 U.S. 502, 505 (1954).

4.

That the Petitioner sets forth the following with incorporated points and authorities:

(a)  The jurisdiction of Federal courts is defined in the Constitution  at Article III for judicial courts, in Article I for legislative courts, and in Article IV for territorial courts. Some courts created by Acts of Congress have been referred to as "Constitutional Courts", whereas others are regarded as "Legis-lative Tribunals"  **28 U.S.C. §88 District of Columbia-Court**s Act of June 7, 1934, 48 Stat. 926, and Act June 25, 1936, 49 Stat. 1921, provide that the Court of Appeals of the District of Columbia, the Supreme Court, and District Court of the United States for the District of Columbia, are shown to be Constitutional courts created under Article III of the Constitution.  See, **O'Donoghue v. United States**, 289 U.S. 516 (1933), 77 L.Ed 1356, 53 S.Ct. 74, **Mookini**

///// - 2 Memo. of Law with Incorporated Points and Auth. - N

v. United States, 303 U.S. 201 at 205 (1938), 82 L.Ed 748, 58 S.Ct. 543.  The Federal Trade Commission v. Klesner, 274 U.S. 145 (1927) and Claiborne-Annapolis Ferry Co. v. United States, 285 U.S. 382 (1932).

(b)  That, defense counsel failed ab initio to raise or challenge any of the issues presented herein.

(c)  That the Petitioner is in custody for an act not done or committed in pursuance of an act of Congress or an order, process, judgment, or decree of a court or judge of the United States. And he is in custody in violation of the Constitution and the laws or treaties of the United States (28 U.S.C. §2241(c)(2)(3)).

(d)  That the federal statutory provisions under which the Petitioner is charged, have not been promulgated in either the Federal Register or the Code of Federal Regulations, thus the legitimate application of such statutory provisions are restricted to application over federal government only.

(e)  That the government has failed ab initio to establish federal subject matter jurisdiction, where it has failed to charge the sine qua non, an alleged violation of the Federal Interstate Commerce statute, as a prerequisite to the subsequent charged offense.

5.

That, the Petitioner now shows this Honorable Court that the Federal government lacked legislative, territorial, or admiralty jurisdiction over the locus in quo, and also lacked the Constitutional or Congressional authority to reach prohibitive acts alleged

to be criminal in nature, which were committed well within the borders of the sovereign state.

## INEFFECTIVE ASSISTANCE OF COUNSEL

That, defense counsel failed ab initio to raise or challenge the governments lack of Federal Legislative, Territorial or Admiralty Jurisdiction over the locus in quo. The Petitioner argues that there is no presumption in favor of jurisdiction, where the basis for jurisdiction must be affirmatively shown on the face of the record. See Hartford v. Davies, 16 S.Ct. 1051 (1896). The exclusive legislative jurisdiction of the federal government is not addressed in principle to subject matter, but to geographical location. See, United States v. Beavens, 16 U.S. (3 Wheat) 336 (1818). It is axiomatic that the prosecution must always prove (legislative, territorial or admiralty) jurisdiction over the geographical location whereon the alleged prohibitive acts were purported to have been committed, otherwise a conviction could not be sustained. See, United States v. Benson, 495 F.2d 481 (1946). Federal criminal jurisdiction is never presumed, and must always be proven, and can never be waived. See, United States v. Rogers, 23 F. 658 (DC Ark. 1885). In a criminal prosecution where the federal government is a moving party it must not only establish ownership of the property upon which the crimes allegedly occurred but they must also produce documentation that the state has ceded the jurisdiction to that property to them (view of the Supreme Court) in Fort Leavenworth Railroad v. Iowa, 114 U.S. 525 (1885). No jurisdiction exists in the United States to enforce federal criminal laws until consent to accept jurisdiction over acquired lands have been published and filed on behalf of the United States as provided

///// - 4 Memo. of Law with Incorporated Points and Auth. - N

and filed in 40 U.S.C. §255, and the fact that the state authorized the federal government to take and exercise jurisdiction was immaterial. See, <u>Adams v. United States</u>, 319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed. 1421 (1943).

7.

The distinction that jurisdiction is more than a technical concept and is a Constitutional requirement. See, <u>United States v. Johnson</u>, 337 F.2d 180 (affmd) 86 S.Ct. 749, 383 U.S. 169, 15 L.ED. 681 Cert den. 87 S.Ct. 44, 134 and at 385 U.S. 846, 17 L.Ed.2d 117. In the United States, there are two separate and distinct kinds of jurisdiction:  The jurisdiction of the states within their own territorial boundaries, and then Federal jurisdiction. Broadly speaking, the state jurisdiction encompasses the legislative power to regulate control and govern real and personal property, individuals, and enterprises within the territorial boundaries of any given state. In contrast, Federal jurisdiction is extremely limited: In July of 1776, after declaring their independence, the new States possessed all their sovereignty, power, and jurisdiction over all soil and people in their respective territorial limits. This condition of supreme sovereignty of each state over all property and persons within the borders thereof continued notwithstanding the adoption of the Articles of Confederation. In Article II, it is expressly stated:

" Each state retains its sovereignty freedom and independence, and every power, of jurisdiction and right which is not by this Confederation, expressly delegated to the United States, In Congress assemble."

8.

As the history of the Confederation Government has shown each State was indeed sovereign and independent to the degree that it made the Central Government created by the confederation fairly ineffectual.  These defects of the Confederation government strained the relation between and among the states and the remedy became calling a Constitutional Convention.  The representatives which assembled at Philadelphia in May of 1787 to attend the Constitutional Convention met for the primary purpose of improving the commercial relations among the states, although the product of the convention produced more than this.  But no intention was demonstrated for the states to surrender in any degree, the jurisdiction so possessed by the states at the time, and indeed the Constitution as finally drafted continued the same territorial jurisdiction of the states as existed in the Articles of Confederation.  The essence of this retention of each state's jurisdiction is embodied in the Constitution at Article I Section 8 Clause 17 of the  Constitution of the United States of America, which reads as follows:

> " To exercise exclusive legislation in all cases whatsoever over such districts (not exceeding Ten Miles Square) as may be cession of particular states, and acceptance of Congress becomes the seat of the government of the United States, and to exercise like authority over all places purchased by the consent of the Legislature of the states in which the same shall be for the erection of forts, Magazines, arsenals, dock-yards and other needful buildings."

9.

The reason for the inclusion of this clause in the Constitution was and is obvious.  Under the Article of Confederation, the states retain

///// - 6 Memo. of Law with Incorporated Points and Auth. N

full and complete jurisdiction over lands and persons within their borders. Since the time of the ratification and implementation of the present Constitution of the United States, the United States Supreme Court and all lower courts have had many opportunities to construe and apply these provisions of the Constitution. The essence of all these decisions is that the states of this Nation have exclusive jurisdiction of property and persons located within their borders, excluding such land and persons residing thereon which have been ceded to the United States. Perhaps one of the earliest decisions on this point was in the **United States v. Beavens**, **16 U.S. Wheat 336 (1818)**. This case involved a federal prosecution for murder committed onboard the warship, Independence anchored in the harbor of Boston, Massachusetts. The defense argued that only the state had jurisdiction to prosecute and argued that the federal circuit courts had no jurisdiction of this crime supposedly committed within the Federal Admiralty jurisdiction. In the argument before the Supreme Court, counsel for the United States admitted as follows:

> " The exclusive jurisdiction which the United States have in forts, dock-yards ceded to them is derived from express assent of the states by whom the cessions are made. It could be derived in no other manner; because without it, the authority of the states would be supreme and exclusive therein." **3 Wheat at 350, 351**

10.

In holding that the state of Massachusetts had no jurisdiction over the crime the court held:

> " What then is the extent of jurisdiction which a states possesses?"
>
> " We answer, without hesitation the jurisdiction of a state is co-extensive with it's territory, co-extensive with it's legislative power." **3 Wheat at 386, 387**

///// - 7 Memo. of Law with Incorporated Points and Auth. - N

" It is observable that the power of exclusive legislation (which
is jurisdiction) is united with cession of territory, which is to
be the free act of the states.  It is difficult to compare the two
sections together, without feeling a conviction not to be strenght-
ened by any commentary on them, that in describing the judicial power,
the framers of our constitution had not in view any cession of territ-
ory or, which is essentially the same of general jurisdiction."  3

**Wheat at 388**


11.

Thus in **Beavens**, the court established a principle that Federal
jurisdiction extends only over the areas wherein it possesses the
power of exclusive legislation, and this is a principle incorpor-
ated into all subsequent decisions regarding the extent of Federal
Jurisdiction.  To hold otherwise would destroy the purpose, intent
and meanings of the entire Constitution of the United States.  One
year later the Supreme Court of New York was presented with the
same issue, of whether the state of New York had jurisdiction over
a murder committed at Fort Niagara, a Federal fort.  In **People v.
Godfrey**, **17 Johns 225 N.Y. (1819)**, that court held that the fort
was subject to the jursdiction of the state since the lands therefore
had not been ceded to the United States, the rationale of it's opin-
ion stated:

" To oust this state of its jurisdiction to support and maintain its
laws and to punish crimes, it must be shown that an offense committed
within the acknowledged limits of the state, is clearly and exclusively
cognizable by the laws and courts of the United States.  In the case
already cited Chief Justice Marshall observed that to bring the offense
within the jurisdiction of the courts of the union, it must have been
committed out of the jurisdiction of any state."  It is not (he says)
the offense committed but the place in which it is committed, which
must be out of the jurisdiction of the state. **17 Johns, at 233**
(emphasis added)

///// - 8 Memo. of Law with Incorporated Points and Auth. - N

12.

The case relied upon by this court was the **United States v. Beavens, supra**. At about the same time that the New York Supreme Court rendered it's opinion in **Godfrey**, a similar situation was before a Federal Court, the only difference being that murder was committed in and occurred on lands which had been ceded to the United States. In the **United States v. Cornell**, 2 Manson 60, 1cir. (1819), the Court held that the case fell within Federal jurisdiction, describing such jurisdiction as follows:

" But although the United States may well purchase and hold lands for public purposes within the territorial limits of a state, this does not of itself oust the jurisdiction or sovereignty of such state over lands purchases. It remains until the state has relinquished its authority over the lands either expressly or by necessary implication. When therefore a purchase of land for any of these purposes is made by the National Government and the state legislature has given its consent to the purchase, the lands so purchased by the very terms of the Constitution ipso facto falls within the exclusive legislation of Congress and the state jurisdiction is completely ousted." **2 Manson at 63**

13.

Almost 18 years later U.S. Supreme Court again was presented a case involving the distinction between state and federal jurisdiction. In **New Orleans v. United States**, 35 U.S. (10 pet) 662 (1836). The United States claimed title to property in New Orleans likewise claimed by the city. After holding that, title to the subject lands was owned by the city, the court addressed the question of federal jurisdiction and states:

///// - 9 Memo. of Law with Incorporated Points and Auth. - N

" Special provisions is made in the Constitution for the cession of Jurisdciton from the state over places where the Federal Government shall establish forts, or other military works. And it is only in these places or in the territories of the United States where it can exercise a general jurisdiction." **10 Pet. at 737**

14.

In **New York v. Miln,**, 36 U.S. (11Pet.) 102 (1837), the question before the court involved the attempt by the city of New York to assess penalties agaisnt the master of a ship for failure to make a report as to the persons his ship brought to New York. As against the master's contention that the act was unconstitutional and that New York had no jurisdiction in the matter, the court held:

" If we look at the places of its operation, we find it to be within the territory, and therefore, within the jurisdiction of New York. If we look at the person on whom it operates he is found within the same territorial jurisdiction." **36 U.S. at 135**

" **They are these:** That a state has the same undeniable and unlimited jursidiction over all persons and things within its territorial limits, as any foreign nation, where that jurisdiction is not surrendered or restrained by the Constitution of the United States. That by virtue of this it is not only the right, but the burden and solemn duty of a state, to advance the safety, happiness and prosperity of its people and to provide for its general welfare by any and every act of legis- lation which it may deem to be conductive to these ends; where the power over the particular subject, or the manner just stated. That all those powers which relate to merely municipal legislation, or what may perhaps more properly be called internal police are not thus surrendered or restrained and that consequently in relation to these the authority of a state is completely unqualified and exclusive." **36 U.S. at 139**

15.

Some eight years later, in **Pollar v. Hagan**, 44 U.S. (3 How.) 212 (1845), the question of Federal Jurisdciton was once again be-

///// - 10 Memo of Law with Incorporated Points and Auth. - N

fore the court. This case involved a contest of the title of real property, with one of the parties claiming a right to the disputed property via U.S. patent; the lands in question were situated in Moble, Alabama adjacent to Moble Bay, the court held:

" We think a proper examination of this subject will show that the United States never held and Municipal sovereignty, jurisdiction or right of soil in and to territroy of which Alabama or any of the new states were formed." **44 U.S. at 221**

" Because the United States have no Constitutional capacity to exercise Municipal Jurisdiction, Sovereignty or eminent domain within the limits of a state or elswhere, except in case which it is expressly granted." **44 U.S. at 228, 229**

" Alabama is therefore entitled to the sovereignty and Jurisdiction over all the territory within her limits, subject to the common law." **44 U.S. at 228, 229**

16.

The single most important case regarding the subject of federal jurisdiction appears to be **Fort Leavenworth R. Co. v. Iowa**, **114 U.S. 525 (1885) 995,** which set forth the law on this point of federal jurisdiction, fully. There the railroad company's property, which passess through, Fort Leavenworth federal enclave was being subject to taxation by Kansaa, and the company claimed an exemption from the state taxation. In holding that the company is properly taxed, the court carefully explained federal jurisdiction within the states:

" The consent of the state to the purchase of lands within them for the special purpose named is however, essential, under the Constitution to the tansfer of the jurisdiction and dominion. Where lands are acquired without such consent, the possession of the United States, political jurisdiction be ceded to them in some other way is simply that of an ordinary proprietor. The property in that case, unless used as a means

to carry out the purposes of the government, is subject to the legislative authority and control of the states equally with the property of private individuals." __114 U.S. at 531__

17.

The Constitution for the United States created a government, which has jurisdiction over certain enumerated subject matter. It is only in these areas that Congress can enact laws, and when they do, the Federal Courts are to enforce the law. **But** when laws do not come from a enumerated power, the Federal Courts are to prevent the U.S. Government or Congress from applying them.

18.

The Federal Constitution prescribes what the "jurisdiction" of the Federal Government is by the enumerated powers. That government can regulate foreign and interstate commerce, fix the standards of weights and measurements, establish uniform laws on bankruptcies, coin money and provide for the punishment of counterfeiting of coins and securities of the United States, protect the arts and sciences by copyrights and patents, punish for piracies and felonies committed on the high seas, raise and support an army and navy, and lay and collect taxes by appointment, and indirect taxes by exercise, duties, or imports.

19.

This is about the extent of the legitimate jursdiction of the Federal United States Government. It is only in these areas, **supra**, that a "crime (or offense) against the Federal United States" can exist, and this is so only when Congress actually passes a Law in one of these areas:

///// - 12 Mem. of Law with Incorporated Points and Auth. - N

But an act committed within a State for good or a bad purpose, or whether with honest or a criminal intent, cannot be made an offense against the United States, unless it has some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States of America.

20.

**United States v. Fox**, 95 U.S. 670, 672 (1877).  [T]he courts of the United States, merely by virtue of this grant of judicial power, and in the absence of legislation by Congress, have **no** criminal jurisdiction whatsoever.  The criminal jurisdiction of the Courts of the United States is wholly derived from the Statutes of the United States.  **Manchester v. Massachusetts**, 139 U.S. 240, 262 (1890); **United States v. Flores**, 289 U.S. 137, 151 (1932).  Acts of Congress, as well as the Constitution, must generally unite to give jurisdiction to a particular court.  **United States v. Bedford**, 27 Fed. Cas., p.91 103, Case No. 15,867 (1847).

21.

The Federal Courts only have jurisdiction in matters involving an "offense against the United States," and nothing can be an offence against the United States unless it is made so by Congressional Act pursuant to the U.S. Constitution.  There is no other source from which Congress can get authority to make law, <u>including</u> the **Common Law**.  Thus it has been said that, "There is no Federal Common Law."

22.

But the better way of stating this is to say, "There are no Common Law Offenses (or crimes) against the United States."  **United States v. Britton**, 108 U.S. 199, 206 (1882); **United States v. Eaton**, 144 U.S. 677, 687 (1891); **United States v. Gradwell**, 243 U.S. 476, 485 (1916); **Donnelley v. United States**, 276 U.S. 505-511 (1927); ///// - 13 Memo. of Law with Incorporated Points and Auth. - N

_Jerome v. United States_, 318 U.S. 101, 104 (1942); _Norton v. United States_, 92 Fed.2d 753 (1937). In other words, the Common Law is not a source for criminal jurisdiction as it is in the States. **United States v. Grossman**, 1 Fed.ed 941, 950-51 (1924).

23.

By "jurisdiction" is meant the authority of the Federal Courts to hear and decide a matter. Thus it is even more correct to say that, "The Federal Courts have no jurisdiction of Common Law offenses, and there is no jurisdiction of Common Law offenses, and there is no abstract pervading principal of the Common Law of the Union under which we (Federal Courts) can take jurisdiction. **State of Pennsylvania v. Wheeling E. Bridge Co.**, 13 How. (54 U.S.) 518, 563 (1851).

24.

If Congress tries to make a Common Law Offense a crime (such as libel, drugs, theft, burblary, murder. kidnapping, arson, rape, abortion, assault, fraud, etc.), which have no relation to an enumerated power, it would simply be an "unconstitutional" act. Congress can declare nothing to be a crime except where it is based upon a delegated power. Thus the only thing that can be a crime against the "United States" is that which comes from the U.S. Constitution. These concepts were stated early on by the U.S. Supreme Court:

> In relation to crimes and punishments, the objects of the delegated power of the United States are enumerated and fixed. Congress may provide for the punishment of counterfeiting the securities and current coin of the United States, and may define and punish piracies and felonies committed on the high seas, and offenses against the

Art. §8. ***, but there is no reference to a Common Law authority. Every power is [a] matter of definite and positive grant; and the very power that are granted cannot take effect until they are exercised through the medium of law. The <u>United States v. Worrall</u>, 2 Dall. (2. U.S.) 384, 391 (1798).

25.

A Constitution is not to be made to mean one thing at one time, and another at some subsequent time when the circumstances have so changed, as perhaps to make a different rule in the case desirable. A principal share of the benefit expected from written Constitution would be lost if the rules they establish were so flexible as to bend to circumstances or be modified by public opinion. [A] court or legislature which should allow a change in public sentiment to influence it in giving to written constitution a construction not warranted by the intention of its founders, would be justly chargeable with reckless disregard of Officail Oath (28 U.S.C. §453-18 U.S.C. §1621) and public duty; and if its course could become a precedent these instruments would be of little avail. What court is to do, therefore, is to declare the law as written. **T.M. Cooley, A Treatise on the Constitutional Limitation**, 5th Ed., pp. 54,55., rather than be swayed by polictical ambition and the unlawful unsurpation of police powers. Chief Justice, John Marshall stated:

" We [Judges] have no more right to decline the exercise of jurisdiction, which is given, than to usurp that which is not given. The one or the other would be treason to the Constitution." **Cohens v. Virginia**, 6 Wheat. (19 U.S.) 264, 404 (1821).

26.

The district court erred in not determining jurisdiction prior to entertaining the cause.

///// - 15 Memo. of Law with Incorporated Points and Auth. - N

a.   Standard of Review

The court's duty to resolve the jurisdiction of the court, regardless of who brings the action, the court must make a legal finding as to its authority to take venue and jurisdiction, before the court moves to entertain the cause before it.  See, <u>20 Am Jur 2d</u> <u>§60, 377</u>

§60    <u>Power and Duty to Determine Jurisdiction</u>

A Court has the power and duty to examine and determine whether or not it has jurisdiction over the subject matter presented to it, and its determination being subject, of course, to appellate review.  This question should be considered by the court before it looks at other matters involved in the case, such as whether the parties are properly before the court. It may, and must do this on its own motion, without waiting for the question of its jurisdiction to be raised by any of the parties involved in the proceedings.

§62    <u>Jurisdiction as dependent on application for relief</u>

The general rule is that the court cannot adjudicate a controversy on its own motion; it can do so only when the controversy is presented to it by a party, and only if the case is presented to it in the form of a proper pleading.  A court has no power either to investigate or to initiate proceedings.  When a statute prescibes a mode of acquiring jurisdiction, that mode must be followed or the proceedings and resulting judgment will be void and the judgment subject to collateral attack.

§65    <u>Effect of Lack of Jurisdiction</u>

" THE GENERAL RULE IS THAT PROCEEDING CONDUCTED OR DECISIONS MADE -- BY A COURT ARE LEGALLY VOID WHEN THERE IS AN ABSENCE OF JURISDICTION OVER THE SUBJECT MATTER.

A COURT DEVOID OF JURISDICTION OVER THE CASE CANNOT MAKE

///// - 16 Memo. of Law with Incorporated Points and Auth. - N

A DECISION IN FAVOR OR EITHER PARTY, CANNOT DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM AND CANNOT RENDER A SUMMARY JUDGMENT, AS A DECISION WOULD BE ON THE MERITS OF THE ACTION. **IT CAN ONLY DISMISS THE CASE FOR WANT OF JURISDICTION.** HOWEVER, A COURT CAN SET ASIDE ORDERS IT MADE BEFORE THE WANT OF JURISDICTION WAS DISCOVERED, AND A JUDGMENT BY A COURT WITHOUT JURISDICTION OVER SUBJECT MATTER CAN BE SET ASIDE AND VACATED AT ANY TIME BY THE COURT THAT RENDERED IT." (In Part)

### 27.

The Petitioner asserts that the District Court lost its juris-diction, once it failed to determine jurisdiction to hear this case at bar <u>before proceeding with sentencing and/or trial.</u>

### 28.

The question of challeging the court, and the United States jurisdiction, was never waived by this Petitioner, it is well settled in the law that when jurisdiction of the court and of the United States is challenged, thus **"Onus Probandi is the actor."** Onus Probandi burden of providing the burden of proof, "The strict meaning of the Onus Probandi," is that, if no evidence is adduced by the party on whom the burden is cast, the issue must be found against him, **Davis v. Rogers**, 1 Houst (del.) 44. "Where jurisdiction is challenged it must be proved," **Hagen v. Lavine**, 415 U.S. 528 (1974). Because it is not sufficient that jurisdiction of the United States Courts may be inferred argumentatively from averments in the pleadings it fol-lows that the necessary factual predicate may not be gleaned from the briefs and arguments themselves; this principal of federal jurisdiction applies whether that case is at the trial stage or at the appellate stage.

///// - 17 Memo. of Law with Incorporated Points and Auth. - N

The Petitoner asserts that the court and government has not been granted jurisdiction through the Constitution of the United States of America, to adjudicate matters beyond the legislative jurisdiction of the United States. The courts and the government have failed to offer proof, or make findings and conclusions of law, as to the jurisdiction in the above alleged criminal action. "A court cannot proceed at all in any case without jurisdiction but must announce the fact and dismiss the cause." See, **Ex Parte McCardle**, 7 Wall 506, 19 L.Ed. 264. Before considering each of the standings theories, it is appropriate to restate certain basic principals that limit the power of every Federal Court. Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto. **e.g. Marbury v. Madison**, 1 Cranch 137, 173-180, 2 L.Ed. 60 (1803). For that reason, every Federal Appellate Court has a special obligation to "satisfy itself not only of its jurisdiction, but also that of the lower courts in a cause under review," even though the parties are prepared to concede it. **Mitchell v. Maurer**, 293 U.S. 237, 244, 79 L.Ed. 338, 55 S.Ct. 162 (1934) See, **Judice v. Vail**, 430 U.S. 327 331, 332 51 L.Ed.2d. 376, 97 S.Ct. 1211 (1977)(standing), "and if the record discloses that the lower courts was without jurisdiction (such as in this case) this court will notice the defect, although the parties make no contention concerning it." See, **Bender v. Williams Port Areas School District**, 475 U.S. 534, L.Ed.2. 501, 106 S.Ct. 1326. When the lower Federal Court lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining

the suit.  See, United States v. Corrick, 298 U.S. 435, 440, 80 L.Ed. 1263, 56 D.Vy. 829 (1936).  See also e.g., United States v. Mata, 449 U.S. 539, 547-548 n.2, 66 L.Ed. 722, 101 S.Ct. 764 (1981), City of Kenosha v. Bruno, 412 U.S. 507, 511 37 L.Ed.2d, 109, 93 S.Ct. 222 (1973), Clark v. Paul Gray, Inc., 306 U.S. 583, 588, 83 L.Ed. 1001 59 S.Ct. 744 (1939), St. Paul Mercury Indemnity Co. v. Red Cab Co, 303 U.S. 283, 287-288 n.10 82 L.Ed. 845 58 S.Ct. 586 (1936).  This obligation to notice defects in a court of appeals, subject matter jurisdiction, assume a special importance, when a constitutional que-stion is presented.  In such cases we have held strictly to the stand-ing requirements to ensure that out deliberations will have benefit of adversary presentation and full development of the relevant facts. The court must be mindful that the powers of the legislature are de-fined and limited and that those limits may not be mistaken of forgotton, the Constitution of the United States of America has been written indeed this is the very essence of the judicial duty.  See, Marbury v. Madison, 5 U.S. 137, 176-178, 1 Cranch 137 (1803).d  See, also, Bell v. Maryland, 378 U.S. 266, 224 (1964)(Douglas J. Concurring). " A district court are courts limited jurisdiction, which has only powers conferred on it by this Title under 28 U.S.C.A. Article III, and cannot assume jurisdiction."  See, Stanard v. Olesen, 74 S.Ct768 (1954) also, McNutt v. G.M , 56 S.Ct. 789, 80 L.Ed. 1135., and Thom-son v. Gaskiel, 62 S.Ct. 573, 83 L.Ed. 111.  It is clear that federal jurisdiction does not rest in federal statutes that do not invest exclusive jurisdiction.  Neither statute governing courts authority not the statute governing the charged crime invest exclusive auth-ority of the subject matter to justify the abrupt (police power) removal of this Petitioner from the State jurisdiction, by the Federal

Government.  The Supreme Court in __Housenbaum v. Bauer__, 120 U.S. 450 (1887), searching the language of the statute to see if jurisdiction is conferred by a statute stated:

> " Here we are bound by statute and not by States alone, but by an act of Congress, which obliges us to follow the State statute and State practice.  The Federal courts are bound hand and foot, and are compelled and, obliged by the federal legialature to obey the State law."

30.

The Petitioner contends that such rules prevail where it appears from the record that the court was without jurisdiction, of either person or the subject matter.  For the record, where it appears from the __record__ that the court did not have jurisdiction of the person or the subject matter, there is not conclusive presumption to preclude an injury into the fact and to prevent a declaration of the invalidity of the judgment.  A record, which affirmatively shows want of jurisdiction, is of its self, __conclusive as that fact__.

31.

Moreover, a district court judge may and must check for the courts jurisdiction to proceed, in the pleading proceeding.  He must do this on his own motion without waiting for the question of lawful jurisdiction to be raised by any of the parties involved in the proceedings.  He is charged to know that the court proceedings conducted absent jurisdiction over the subject matter are legally void and subject to collateral attack.  See, __46 American Jurisprudence 2d.  Judgment §26__.  As a district court judge charged with knowledge that jurisdiction is the authority to hear and determine a specific case within a class over which the court has subject matter juris-

diction.  Also awareness that his court is subject to __Territorial__
__limitation and cannot extend__  the jurisdiction authority which comes
pursuant to an act of Congress and under which behalf the court func-
tions.  Knowing that the jurisdiction of his court is limited, and
can be further limited by constitutional or statutory provisions to
only part of the territory of the sovereignty to which the court be-
longs.  See, __American Jurisprudence 2d. Courts §115__.

32.

The district court of Petitioner's conviction is one limited and
special original jurisdiction, its action must be confined to the
particular cases, controversies, and parties over which the consti-
tution and the  laws have authorized it to act; any proceedings
without the limits prescribed is Coran Non Judice and its actions a
nullity.  See, __State of Rhode Island et. al. v. Commonwealth of Mass.__
__37 U.S. 657 (1938)__.  The statute designating the Federal Government
charges, that if a crime does not authorize concurrent jurisdiciton
doctrine authorize concurrent jurisdiction.  See, __Adams v. United__
__States__, 87 L.Ed. 1421.  The jurisdiction to detemine jurisdiction
doctrine authorizes courts to issue ancillary orders while deter-
mining thier own jurisdiction, and to punish as criminal contempt,
the violations of such others, even though it may later be determined
that the court lacks jurisdiction over the proceedings.  When a
court assumes jurisdiction but later discovers that it has no subject
matter jurisdiction, the court must take the appropriate action, al-
though  it acted in accordance with its previous belief that it had
jurisdiction.  See, __American Jurisprudence 2d. Courts §60 page 377__
Jurisdiction to render a judgment in a particular case or against
particular persons may not be presumed where the record itself shows

jurisdiction has not been acquired. See, **Old Wayne Mut. Life Asso.**
**v. McDonough**, 204 U.S. 8, 51 L.Ed. 345, 27 S.Ct. 236. Hence a
fact connected with jurisdiction to render a judgment may not be
in the face of statements to the contrary in the record.

### FAILURE TO ESTABLISH FEDERAL INTERSTATE COMMERCE NEXUS

33.

**Defense counsel was ineffective by failing to raise or challenge**
**the governments lack of Federal Subject Matter Jurisdiction over**
**the alleged prohibitive acts charged against the petitioner.**

34

That, **defense counsel failed ab initio** to raise or challenge
that the Federal Statutory Provisions under which the petitioner
is charged failed to contain language of an Interstate Commerce
Nexus. The enumerated subsection under which the petitioner is
unlawfully incarcerated and detained of his liberty, possess no
language which could be construed as importing, interposing or
incorporating a Commerce Nexus. Thus, the language of the statute
does not grant Federal Subject Matter Jurisdiction, nor grant
formal notice to the accused party that the alleged violation of
**Title 18 U.S.C. Section 922(g)(1)**, also invokes
an uncharged violation of the Federal Interstate Commerce Statute,
even though no prohibitive acts moved beyond the borders of the
sovereign state or across state line or international borders.
The Federal Government does not have a general police power, there-
by the legitimate application of **Title 18 U.S.C. Section 922(g)(1)**
may only be applied if connected to an alleged violation of
the Interstate Commerce Statute.

35.

**Stirone v. United States**, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d.
252 (1960) at 857.   The Supreme Court stated that, " The essential
element was the allegation of an effect on Interstate Commerce which
provided the court with (subject matter) jurisdiction" over the al-
leged prohibitive acts.   Where the instant matter is concerned, the
government has failed ab initio to establish that the prohibitive
conduct of the petitioner, moved beyond the border of the sovereign
state, thus in the clear absence of a commerce charge, the government
failed to establish Federal Subject Matter jurisdiction over the al-
leged offense.

36.

Under  our federal system, the "States possess primary authority
for defining and enforcing the criminal law."  See, **Brecht v. Abra-**
**hamson**, 507 U.S. 123 L.Ed.2d 353, 113 S.Ct. 1710 (1993),quoting:
**Engle v. Isaac**, 456 U.S. 107, 71 L.Ed.2d 783, 102 S.Ct. 1031, 162
ALR 1330 (1945)(**plurality opinion**) "our National Government is one
of delegated powers alone.  Under our federal system the adminis-
tration of criminal justice rests with the states except as Congress,
acting within the scope both delegate powers has created offenses
against the United States."  When Congress criminalizes conduct al-
ready denounced as criminal by the State it affects a change in the
sensitive relation between federal and state criminal jurisdiction.
**United States v. Unmans**, 410 U.S. 396 441-412, 35 L.Ed.2d 379, 93
S.Ct. 1007 (1973). quoting, **United States v. Bass**, 404 U.S. 336, 349
30 L.Ed.2d 488, 92 S.Ct. 515 (1971).  It's obvious the government
would have to acknowledge that Title 18 U.S.C. §922(g)(1),

///// - 23   Memo. of Law with Incorporated Points and Auth. - N

displaces state policy in that its prohibitions is being used in every state. **Title 18 U.S.C. §922(g)(1)**, is now being used outside its scope of intended use by inappropriately overriding State Law. By imposing higher penalties and establishing mandatory penalties for the same offenses that the state already charges. The policies reflected in these provisions could legitimately be adopted by the states but they should not be imposed upon the states by Congress. By the government's use of these statutes outside its scope and intended use we have a system that can punish the same act by different individuals with different and more selective punishment. Thus, the abuse mentioned, defendant in the case also charges the government was selective by going outside its jurisdiction which was clearly spelled out by the 99th Congress 2d Session, of the Federal Statutory Provisions under which the Petitioner is alleged to have violated the act in question to determine, whether it applies solely within the jurisdiction of the United States. Analysis of the operative sections of the act, particularly the sections at issue herein, clearly reveals that there is nothing, which indicates that the act applies anywhere but within the United States Territories and Enclaves. There is simply no statutory language expressly stating that the act applies "extra jurisdictionally". Further, the Federal Statutory Provisions which are an issue **(Section 922(g)(1) of Title 18)**, totally fail to mention or refer to "Interstate Commerce" or otherwise connect the provisions of this act to Congressional Interstate Commerce Powers. That is particulary apparent from a review of **Section 922(g)(1) of Title 18 U.S.C.** mention nothing in reference to Interstate Commerce. It should be noted that in other criminal acts Congress statutorily bases

///// - 24 Memo. of Law with Incorporated Points and Auth. - N

such acts upon its "Interstate Commerce Powers".

### 37.

The Petitioner asserts prosecutorial misconduct and plain error, 52(b) F.R.C.P., in that the application was not within the scope of Rule 7(c)(1), F.R.C.P. to the indictment in which was an amendment to cure the jurisdiction requirement; the indictment failed to ex-plicitly, allege a (nexus) to commerce. See, **United States v. Know-les**, 29 F.3d 947, 952 (5th Cir. 1994).

### 38.

The Petitioner stands firm on his assertion that he was highly prejudiced by the prosecutor, not qualifying the jurisdiction nexus in the statute, to the Grand Jury. The Second and Third Circuit is on record as expressing the view that "when the word or phrase is used in the Sect. of the "Act" more than once, and the meaning is clear as used in one place." **Meyer v. United States**, 175 F.2d 45, 47 (2nd. Cir. 1949), quoting, **Lewellyn v. Nunez**, 573 F.2d 769 (2nd Cir. 1978), and, **C.I.R. v. Ridgeway's Estates**, 291 F.2d 257 (3rd Cir. 1961). It is elementary principal of criminal pleading, that where the definition of an offense, whether it be common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the specifics it must descent to a particulars, **United States v. Crikshank**, 92 U.S. 542, 558, 23 L.Ed. 588, 593. An indictment not framed to appraise the defendant with reasonable certainty, of the nature of the accusation against him, and it's jurisdiction to sustain those accusations is defective, although it may follow the language of the statute. See, **United States v. Simmons**, 96 U.S. 360, 362, 24 L.Ed. 819, 820. In as in-

///// - 25 Memo. of Law with Incorporated Points and Auth. - N

dictment upon statue, it is not sufficient to set forth the offense in the words of a statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.  See, <u>United States v. Carll</u>, 105 U.S. 611, 612, 26 L.Ed. 1135, certainly the jurisdictional nexus, constitutes one of the elements.  Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the fact and circumstances as well inform the accused of the specific offense, coming under the gerneral description with which he is charged, (an indictment that fails to state its jurisdistion nexus in the pleadings or statute, certainly would not be informing the accused of the above provisions).  For similar views see, <u>United States v. Hess</u>, 124 U.S. 483, 487, 31 L.Ed. 516, 518, 8 S.Ct. 543; <u>Blitz v. United States</u>, 153 U.S. 308, 315, 38 L.Ed. 725, 727, 14 S.Ct. 924; <u>Keck v. United States</u>, 172 U.S. 434, 437, 43 L.Ed. 505, 507, 19 S.Ct. 254; <u>Morissette v. United States</u>, 246, 270 note 30, 96 L.Ed. 288, 304 S.Ct. 240, cf. <u>U.S. v. Petrillio</u>, 332 U.S. 1, 10, 11, 91 L.Ed. 1877, 1884, 1885, 67 S.Ct. 1538.  That these basic principals of fundamental fairness retain their full vitality under modern concepts of pleading and specifically under Rule 7(c) of the Federal Rules of Criminal Procedure.  In this case at bar, a mere citation (such as the government used in this case) to the applicable statute does not give the defendant notice of the nature of the offense.  An indictment that must rely on a statutory citation does not fully, directly, and expressly, without any uncertainty or ambiguity set forth all the elements (such as jurisdiction) necessary

to constitute the offense intended to be punished (or to sustain the charges). See, <u>Hamling v. United States</u>, 418 U.S. 87, 117, 94 S.Ct. 1887, 2907-08, 41 L.Ed.2d. 590 (1974). Furthermore, a statutory citation does not ensure that the Grand Jury has considered and found all essential elements such as (jurisdiction) of the offense charged. It therefore fails to satisfy the Fifth Amendment guarantee that no person be held to answer for an infamous crime unless of indictment of a Grand Jury. See, <u>United States v. Pupo</u>, 841 F.2d 1235 (4th Cir. 1988) quoting, <u>United States v. Hooker</u>, supra. at 841 F.2d 1225 (4th Cir. 1988). As stated in <u>Hooker</u>, when an indictment fails to include as essential element of the offense charged, it thereby fails to charge any federal offense and conviction under the indictment may not stand. A Grand Jury in order to make the ultimate determination, must neccessarily determine, what gives the government jurisdiction to sustain, or bring these charges. To allow the prosecutor, or the court to make a subsequent guess as to what was in the minds of the Grand Jury at the time they returned the indictment would deprive the defendant of a basic protection which guarantee of intervention of a Grand Jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by a Grand Jury or perhaps, not even presented to the Grand Jury which indicted him such as this case now, before this court, the jurisdiction nexus needed and required certainly was never presented to the defendant's Grand Jury. For similar views see, <u>Orfield Criminal Procedure from Arrest to Appeal 243</u>. This underlying principal is reflected by the settled rule in the federal courts that an indictment may not be amended excpet by resubmission to the Grand Jury unless the charge is merely a matter of form, <u>Ex Parte Bain</u>, 121 U.S. 1, 30 L.Ed. 849,

7 S.Ct. 781; <u>United States v. Norris</u>, 821 U.S. 619, 74 L.Ed. 1076, 50 S.Ct. 424, <u>Stirone v. United States</u>, 361 U.S. 212, 4 L.Ed.2d., 80 S.Ct. 270. If it lies within the province of a court to amend an indictment to suit its own notion of what ought to have been, when such allegation of a commerce nexus is not submitted to the Grand Jury, neither the government or court has the authority to amend an indictment to incorporate the crucial missing element. The great importance which the common law attaches to an indictment by a Grand Jury, as a prerequisite to a prisoner's trial for a crime and without which the Constitution says no person shall be held to answer, may be frittered away until its value is almost destroyed. any other doctrine would place the rights of the citizens which were intended to be protected by this Constitutional provision, at the mercy or control of the court or prosecuting attorney; for if it be once held that the charges can be made by the consent or the order of the court in the body of the indictment as presented by the Grant Jury, and the prisoner can be called upon to answer to the indictment as thus changed, the restriction which the Constitution places upon the power of the court, in regards to the prerequisite of an indictment, in reality no longer exists. <u>Ex Parte Bain</u>, supra (121 U.S. at 10. 13). This court must be aware that "the very purpose of the requirement that a man be indicted by a Grand Jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney of judge." See, <u>Stirone v. United States</u>, supra. (361 U.S. at 218).

## LACK OF ADMINISTRATIVE AGENCY JURISDICTION
## OVER LOCUS IN QUO

### 39.

Defense counsel was ineffective by failing to raise or challenge that no amendment to the Constitution can be found to provide for the unbridled, nationwide application of the Federal Statutory Provisions under which the Petitioner is charged.

### 40.

The Constitution for the United States created a government which has jurisdiction over certain enumerated subject matter. It is only in these areas that Congress can enact laws, and when they do, the Federal Courts are to enforce the law. But when laws do not come from an enumerated power, the Federal Courts are to prevent the U.S. Government or Congress from applying them.

### 41.

The Federal Constitution prescribes what the "jurisdcition" of the Federal Government is by the enumerated powers. That government can regulate foreign and interstate commerce, fix the standards of weights and measurements, establish uniform laws on bankruptcies, coin money and provide for the punishment of counterfeiting of the coins and securities of the United States protect the arts and sciences by copyrights and patents, punish for piracies and felonies committed on high seas, raise and support an Army and Navy, and lay and collect direct taxes by apportionment, and indirect taxes by exercise, duties, or imports.

42.

This is about the extent of the legitimate jurisdiction of the Federal United States Government. It is only in these areas, supra, that a "crime (or offense) against the Federal United States" can exist, and this is so only when Congress actually passes a Law in one of these areas. But an act committed within a State, whether with honest or criminal intent, cannot be made an offense against the United States unless it has some relation to the execution of a power of Congress, or to some matter within the jurisdiction the United States. **United States v. Fox**, 95 U.S. 670, 672 (1877). [T]he courts of the United States, merely by virtue of this grant of judicial power, and in the absence of legislation by Congress, have no criminal jurisdiction whatsoever. The criminal jurisdiction of the courts of the United States is wholly derived from the statutes of the United States. **Manchester v. Massachusetts**, 139 U.S. 240, 262 (1890): **United States v. Flores**, 289 U.S. 137, 151 (1932). Acts of Congress, as well as the Constitution, must generally unite to give jurisdiction to a particular court. **United States v. Beford**, 27 Fed. Cas., Pg. 91, 103 Case No. 15,867 (1847).

43.

The Federal Courts only have jurisdiction in matters involving an "offense against the United States," and nothing can be an offense against the United States unless it is made so by Congressional Act pursuant to the U.S. Constitution. There is no other source from which Congress can get authority to make Law, including the Common Law. Thus, it has been said that, "There is no Federal Common Law."

44.

But the better way of stating this is to say, "There are no ///// - 30 Memo. of Law with Incorporated Points and Auth. - N

Common Law offenses (or crimes) against the United States." United States v. Britton, 108 U.S. 199, 206 (1882); United States v. Eaton, 144 U.S. 677, 687, (1897); United States v. Gradwell, 243 U.S. 476 485 (1916); Donnelley v. United States, 276 U.S. 505, 511 (1927); Jerome v. United States, 318 U.S. 101, 104 (1942); Norton v. United States, 92 Fed.2d 753 (1937). In other words the Common Law is not a source for criminal jurisdiction as it is in States. United States v. Grossman, 1.Fed.2d 941, 950-51 (1924).

45.

By "jurisdiction" is meant the authority of the federal courts to hear and decide a matter. thus, it is even more correct to say that, "The federal courts have no jurisdiction of Common Law offenses, and there is no jurisdiction of Common Law offenses, and there is no abstract pervading principal of the Common Law of the Union under which we (federal courts) can take jurisdiction." State of Pennsylvania v. The Wheeling E. Bridge Co., 13 how. (54 U.S.) 518, 563 (1851).

46.

If Congress tries to make a Common Law offense a crime (such as Libel, Drugs, Theft, Burglary, Murder, Kidnapping, Arson, rape, Abortion, Fraud, etc.), having no relation to an enumerated power it would simply be an "unconstitutional" act. Congress can declare nothing to be a crime except where it is based upon a delegated power. Thus, the only thing that can be a crime against the "United States" is that which comes from the U.S.Constitution. These concepts were stated early on by the U.S. Supreme Court.

" In relation to crimes and punishments, the objects of the delegated powers of the United States are enumerated and fixed. Congress may

///// - 31 Memo. of Law with Incorporated Points and Auth. - N

provide for the puishment of counterfeiting the securities and current coin of the United States, and may define and punish piracies and felonies committed on the high seas, and offenses against the law of nations. Art. §8 but there is no reference to a Common Law Authority. Every power is [a] **matter** of definite and positive grant; and the very powers that are granted cannot take effect until they are exercised through the medium of a law. **The United States v. Wortall**, 2 Dall. (2 U.S.) 384, 391 (1798).

47.

A Constitution is not to be made to mean one thing at one time, and another at some subsequent time when the circumstances have so changed, as perhaps to make a different rule in the case seem desirable. A principal share of the benefit expected from written constitutions would be lost if the rules they establish were so flexible as to bend to circumstances or be modified by public opinion. [A] court of legislature which should allow a change in public sentiment to influence it in giving to a written consitution a construction not warranted by the intention of its founders, would be justly chargeable with reckless disregard of the official oath. (28 U.S.C. §453 - 18 U.S.C. §1621) and public duty; and if its course could become a precedent, these instruments would be of little avail. What a court is to do, therefore, is to declare the Law as written. **T.M Cooley. A Treaties on the Constitutional Limitations**, 5th Ed., pp. 54, 55, rather than be swayed by political ambition and the unlawful usurpation of police powers. Chief Justice, John Marshall stated:

> We [Judges] have no right to decline the exercise of jurisdiction which is given, that to usurp that which is not given. the one or the other would be **Treason** to the Constitution. **Cohens v. Virginia**, 6 Wheat (19) U.S. 264, 404 (1821).

///// - 32 Memo. of Law with Incorporated Points and Auth. - N

48.

The United States Code was approved by an Act of Congress on June 30, 1926 (44 Stat. Part I). The code is assembled and revised under the supervision of "The Committee on the Judiciary of the House of Representatives". The main work of revision is done by a subcommittee or office of this committee called "the Office of the Law Revision Counsel of the House of Representatives." It consists of an appointed supervisor, some memebers of Congress, some volunteer Lawyers, and persons form West Publishing of St. Paul, Minnesota.

49.

When the U.S. Code was first published, it never was stated to be the official laws of the United States. Rather, it was stated that the Code was a "Restatement" of law, or was only "prima facie evidence of the laws of the United States." On this matter the court stated:

> The United States Code was not enacted as a statute, nor can it be construed as such. It is only a prima facie statement of the statute law.... If construction is necessary, recourse must be had to the original statutes themselves. **Five Flages Pig Line Co. v. Dept. of Transportation**, 854, F.2d 1438, 1440 (1988); **Stephan v. United States**, 319 U.S. 415, 426 (1943)' **44 Stat Part 1, preface; Murrell v. Western Union Tel. Co.**, 160 F.2d 787, 788, (1947); **United States v. Mercur Corp.**, 83 F.2d 178, 180 (1936).

50.

this tells us that the United States Code, as originally estab-lished, was not on an equal plain with the "original statutes" or the **Statutes at Large**. thus, the Code was not **True Law**. With the state of regular use of the U.S. Code, numerous problems arose in that it contained mistakes, errors and inconsistencies as compared

///// - 33 Memo. of Law with Incorporated Points and Auth. - N

to the Statutes at Large    Thus, in 1947, Congress enacted several
of the Titles into "positive law," such as the Act:  "To codify and
enact into positive law, **Title 1 of the United States Code,**" In doing
so they devised some new terminology; which is set out under **61 Stat.**
633, 638-644; 1 U.S.C. §204(a).

### 51.

Look back at the cases cited, which state that the criminal jur-
isdiction of the United States exists only by Acts of Congress pur-
suant to the Constitution.  In the nature of a question of law, if a
federal court were asked whether the Code cited in an indictment is
an Act of Congress, the court could not rightfully say it is, because
the Code citation contains no congressional enacting clause for that
citation as required  by **61 Stat.** 633, 634, §101.  If no such enacting
clause appears on the face of the law, it is not an act of Congress
and **no** criminal jurisdiction exists wihtout a bona fide Act of Cong-
ress.  The argument in such a case is that the indictment does not
set forth a case arising under the Constitution, as there is no Act
of Congress with a duly required enacting clause.  Thus, there is **no**
subject matter jurisdiction pursuant to the federal judicial power
defined in the nature of **Article III, §2 of the Federal Constitution.**

### 52.

No where does it say in the Code, or in the pronouncements by
Congress or the Courts, that the laws in the U.S. Code are Acts of
Congress.  In fact, the Code is always regarded as something differ-
ent from the **Statutes at Large.**

> But no one denies that the official source to find United
> States law is the <u>Statutes at Large</u> and the Code is only prima
> facie evidence of such laws.

///// - 34 Memo. of Law with Incorporated Points and Auth. - N

54.

An invalid, unconstitutional or non-existent statute affects the validity of the "charging document," that is, the complaint, indictment or information.  If these documents are void or fatally defective, there is no subject matter jurisdiction since they are the basis of the court's jurisdiction.  when an accused-party is indicted under a not-yet-effective or unenacted statute, the charging documents is void.

55.

Congress has no general power to enact police regulations operative within the territorial limits of a State.  **Slaughter-House Cases**, 83 U.S. 36; **United States v. Dewitt**, 76 U.S. 41; **Gibbons v. Ogden**, 22 U.S. 1; and it cannot take this power from the states or attempt any supervision over the regulations of the States established under this power, **Keller v. United States**, 213 U.S. 138.  The exercise of the police power by a state is beyond interference by the Federal Government.  See also, **People v. Godfrey**, 17 Johns 225, at 233 (N.Y. 18181); **United States v. Bevans**, 16 (3 Wheat) 336 (1818); **Adams v. United States**, 319 U.S. 312 (1943), and **Caha v. United States**, 152 U.S. 211, 215 (1894), Supreme Court authorities, which contain language that leaves no room for misinterpretation of mis-application.

## UNPROMULGATED REGULATORY STATUTES

56.

defense counsel was ineffective by failing to raise that there are no public implementing regulations in the Code of Federal Regulations (CFR) for the Federal Statutory Provisions under which the petitioner is charged.

///// - 35 Memo. of Law with Incorporated Points and Auth. - N

57.

That, defense counsel failed ab initio to raise or challenge
the fact that the Federal Statutory Provisions under which the Pet-
itioner is charged are unenacted by Congress, unpromulgated in the
Federal Register and possess no public implementing authorities in
the Federal Code of Regulation.  The Petitioner would like the re-
cord to reflect that the Federal Statutory Provision under which he
is charged, are in fact <u>commercial regulatory statutes</u> which have not
promulgated in the Federal Register or the Code of Federal Regulations,
as required under 44 U.S.C. §1505, et seq., and 5 U.S.C. §601.
Therefore, it is arguable that this court has jurisdiction to adjud-
icate sanctions for violation of Unpromulgated Regulatory Statutes.
The petitioner thus advances with supporting authorities that no
documentation can be shown that the enumerated subsections under which
the accused-party is charged, have published regulations, thus these
particular Federal Statutory Provisions **Title 18 U.S.C. §922(g)(1)**
lack the force and effect of Law, when mis-applied beyond the param-
eters of Rule 54(c) - Acts of Congress, of Federal Rules of Criminal
Prosedure.

58.

In **<u>Foley Brothers v. Filardo</u>, 336 U.S. 281 (1949)**, the high court
stated, "It is well established as a principal of law, that all fed-
eral legislation applies only within the territorial jurisdiction of
the (federal) United States unless a contrary intent appears."  In
order for a contrary intent to be facilitated, delegations of author-
ity and implementing regulations must be published in the Federal
Register.

59.

Fortunately, there is a readily available method for discerning which Statute at Large, and which Statute contained within the 50 Titles of the United States Code, possess either restricted application, or general applicability to the several States and the population at large.  This method is through consulting the Parallel Tables of Authority and Rules which begins at page **709 of the 1998 Index Volume to the Code of Federal Regulations**.  Its authoirty is located at 1C.F.R.§8.5(a).

60.

The **Administrative Procedures Act**, located at <u>5 U.S.C. §§552 ET SEQ.</u>, and the Federal Register Act, located at <u>44 U.S.C. §1505 et seq.</u>, provide the means for determining which Statutes in any given act of Congress are applicable, within federal areas, and which Statutes have "general" applicability within the territories, enclaves, and insular possessions, belonging to the federal United States.  At §1505(a)(1), of Title 44, of the United States Code, it is found that if a Statute is not published in the Federal Register, the application of the statutory provision is restricted to federal agencies, or persons acting in their capacity as officers, agents or employees of the federal governement.

61.

Positive Law is the irrefutable Law of the United States of America, which has withstood the test of time.  However, when federal statutory provisions are not duly and properly promulgated in accordance with the law, then such Statutes lack the force of law, and may not be applied capriciously or arbitrarily.

62.

In <u>Hotch v. United States</u>, 212 F.2d 280 (9th Cir. 1954), at p.283, the court stated:

> " Under our system of law, no act is punishable as a crime unless it is specifically condemned by the Common Law or by a statutory enactment of the Legislature (22 **C.J.S. Crim. Law, see 17**). Therefore, the Administrative Procedure Act and the Federal Register Act must be read as a part of every Congressional delegation of authority unless specifically excepted.  Those acts require public- ation, irrespective of actual notice, as a prerequisite to the "issuance" of a regulation making certain acts criminal.  If certain acts have not been made crimes by duly enacted law, the knowledge of their contemplated administrative proscription cannot subject the informed person to criminal prosecution. **While ignorance of the law is no defense, it is conversely true that a law which has not been duly enacted into positive law, is not a law of general applicability and therefore, a person who does not comply with its provisions cannot be guilty of any crime.**"

63.

In **Wei v. Robinson**, 246 F.2d 739 (7th Cir. 1957). cert. den. 78 S.Ct. 144, 355 U.S. 879, the Supreme Court stated, "Contents of the Federal Register and the Code of Federal Regulations are **prima facie evidence** of the original text and are required to be judicially noted." In **Wolfson v. United States**, 492 F.2d 1386, 204 Ct. Cl. 83 (1974). "When regulations are published in the Federal Register, they give legal notice of their contents to all who may be affected thereby." In **Shafer v. United States**, 229 F.2d 124, cert. den. 76 S.Ct. 78, 351 U.S. 931, the Court stated, " The publication of a document in the Federal register creates a rebuttable presumption of validity." **Northern States Power Co. v. Rural Electrification Administration,** 248 F.Supp 616 (1965), the Court stated, "Rules by governemnt agency of general applicability and published in accordance with the Federal

/////  - 38 Memo. of Law with Incorporated Points and Auth. - N

Register Act have force and effect of Statute Law and are binding on those publishing them as well as the general public until such time as they be repealed or modified. **Fed. Reg. Act §1, et seq., 44 U.S. C.A. §301 et seq.**

64.

In **United States v. Mersky**, 361 U.S. 431, 438 (1960), the Supreme Court stated:

> " Once promulgated, these regulations called for by the statute itself have the force of law, and violation thereof incur criminal prosecutions just as if all the details have been incorporated into the Congressional language.  The result is that neither the Statute nor the Regulation are complete without the other, and only together do they have any force in effect; therefore, the construction of one necessarily involves the construction of the other, and in the  context of criminal prosecutions, the rule of strict construction must be applied in the interpretation of an Administrative Regulation to which penal consequences attach under the Statute authorizing the promulgation of the regulation, as well as the construction of the statute."

65.

In **United States v. Reinis**, 794 F.2d 506 (9th Cir. 1986), the Court stated, "An individual cannot be prosecuted for violating the "Act" unless he violates an implementing regulation."  See also, **United States v. Two Hundred Thousand Dollar**, 590 F.Supp 846 (S.D. Fla. 1984),  specifically stated at 1 C.F.R. §1, "All regulations must be published in the Federal Register to have general applicability and legal effect."  Regulation published by the Secretary at **26 C.F.R. 601-702(ii)**, acknowledge the effect of failure to publish by stating, "Thus for example, any such matter which imposes an obligation and which is not so published or incorporated by reference will not adversely change or affect a persons rights."

///// - 39 Memo. of Law with Incorporated Points and Auth. - N

66.

The Supreme Court stated in **United States v. Welden**, 377 U.S. 95 (1964), that, "Under 1 U.S.C. §204(A)), which provides that the United States Code establishes prima facie the laws of the United States and that when Titles of the Code are enacted into positive law, the text thereof is legal evidence of the law contained therein, the very meaning of 'prima facie' is that the Code cannot prevail over the Statutes at Large when the two are inconsistent. If construction of a section of the United States Code which has not been enacted into positive law is necessary, recourse must be had in the Original Statutes themselves and a changed arrangement made by the codifier without the approval of Congress should be given no weight. **Stephan v. United States**, 319 U.S. 423 (1943; **Best Foods v. United States**, 147 F.Supp. 749, 37 Cust. Ct. 1 (1956); **Peart v. Motor Vessel Bering Explorer**, 373 F.Supp. 927 (1974)).

67.

The law provides that when implementing regulations are at variance with the statutory provisions of which are intended to promulgate that they fail to give proper notice under the due process clause of the federal constitution of the "Fair Notice," Doctrine, set out under **United States v. Nevers**, 7 F.3d 59 (5th Cir. 1993). Administrative regulations, in order to be valid, must also be consistent with, and not contrary to, "The statute under which they are promulgated." **United States v. Larionoff**, 431 U.S. 864, at 973, 97 S.Ct. 2150, at 2156, 53 L.Ed.2d. 48 at 56. "A regulation beyond the scope of, or our   harmony with, underlying legislation is a mere nullity." Id. at 873 n.12, 97 S.Ct. at 2156, n.12,; **Manhattan**

///// - 40 Memo. of Law with Incorporated Points and Auth. - N

**Gen. Equip. Co. v. C.I.R.**, 297 U.S., at 134, **Neel v. United States**,

266 F. Supp., at 10. To make this determination, it is necessary

for the court to square the regulations against the statute that it

purports to implement, comparing the sphere of authority of each.

**Western Union Teleg. Co. v. F.C.C.**, 541 F.2d 346, 354 (3rd Cir. 1976)

**cert. den. 429 U.S. 1029 (1977).** An Administrative Regulation must

be reasonably related to advancing the purpose of the enabling leg-

islation. **Morning v. Family Publications Services, Inc.**, 411 U.S.

**356, 369 (1973).** In the framework of criminal prosecution, unclarity

in the statute or a regulation issued thereunder is, enough to re-

solve doubts in favor of the defendant. **United States v. Mersky**,

supra.

### FATAL DEFECTS IN THE GOVERNMENTS CHARGING INSTRUMENTS

68.

**The defense counsel was ineffective by failing to raise or**

**challenge the seif-evident and self-declaring defects in the govern-**

**ment's charging instruments.**

69.

The Petitioner argues that an indictment which fails to allege

all of the elements of the alleged offense is defective and must

be dismissed, where one of the elements is crucial and is in fact

in sine qua to the legitimate application of the subsequent charged

offense. The legitimate application and charging of **Title 18**

**Section 922(g)(1), of the United States Code**, must be

connected to an alleged violation of the Federal Interstate Commerce

Statute, otherwise Federal Subject Matter Jurisdiction is missing.

See, **United States v. Pupo, 841 F.2d 1235.** The Petitioner argues

that an indictment fails to apprise the accused party of what he

must be prepared to defend against. Accordingly, an allegation of

///// - 41 Memo. of Law with Incorporated Points and Auth. - N

Interstate Commerce is jurisdiction and as such is essential
element in appraising the Petitioner of the Grand Jury's authority
to indict under **Title 18 U.S.C. §922(g)(1).** See, **United
States v. Young,** 730 F.2d at 224 (the particular predicate for
jurisdiction is essential element of offense); **United States v.
McCray,** 665 F.2d 664, 678, 679 (5th Cir.1982). The Constitutional
Rights of an accused are violated when modification, at trial or
by Court of Appeals acts to broaden the charge contained in the
indictment, such modifications contradict the very purpose of the
Fifth Amendment Grand Jury requirement. See, **United States v.
Stirone,** 361 U.S. 212, 4 L.Ed.2d 252, 80 S.Ct. see at 273 (express-
ing similar views). The failure of the government to include in
the indictment any charge that the Petitioner's conduct affected
Interstate of Intra-state, or any commerce was not cured by the
citation of the Statutes. In the sufficiency of an indictment it
is the statement of facts in the pleadings rather than the Statutory
Citation that is controlling. See, **United States v. Wuco,** 535 F.2d
**1225 (9th Cir. 1976) cert. den. 429 U.S. 978, 97 S.Ct. 488, 50
L.Ed.2d 586 (1976).** It is elementary that every ingredient of the
crime **must** be charged in the bill, with a general reference to the
provisions of the statute being insufficient. See, **Hale v. United
States,** 89 F.2d (4th Cir.) and **United States v. Berlin,** 472 F.2d
**1002, 1007 (2nd Cir. 1973);** also **United States v. Beard,** 414, F.2d
**1014, 1017 (3rd Cir.).** This Indictment under **Title 18 U.S.C.
Section 922(g)(1),** fails to allege a nexus between Petitioner's
conduct and Interstate Commerce in dealing with an indictment where
no alleged commerce allegation is made. The Petitioner argues
this court should hold that a lack of commerce allegation in the
indictment, precludes it from considering whether a conviction

///// - 42 Memo. of Law with Incorporated Points and Auth. - N

under **Title 18 U.S.C. Section 922(g)(1)**, can be sustained even if
the government allebed and proved that these offenses had a nexus
to commerce.  See, **United States v. Lopez**, at 2 F.3d 1342, (the
holding of the 5th Cir. Court of Appeals).

70.

The Federal Governments failure to establish proof of other
evidence or jurisdiction or ownership over each and every geographic
location in which the alleged criminal activities took place dives-
ted the court of jurisdiction over the subject matter and mandates
reversal.  Where the lands were never ceded to the United States,
and the locations which lie within the territorial boundaries of
the states and not the Federal Government.  Then the Federal Govern-
ment lacks jurisdiction over any criminal activities which lie
therein.  Thus, the government's view that **Sec. 922(g)(1) of Title
18 USC,** can be used and applied to all crimes that occur any place
or in any geographic location, even though the statute lacks a
commerce nexus, and the government's failure to allege any effect
on commerce or other basis for jurisdiction, and not withstanding
the states sovereign jurisdiction over its territory, are contrary
to the Constitution of the United States.  Such a position would
ask this court to infer that congressional laws may be converted
to general police power and authority, without statutory or Con-
stitutional support which only the States may properly possess.

71.

It is firmly established and accepted fact that the Federal
Government's power, authority, and jurisdiction does not extend
beyond the boundaries and parameters of the embodiment of the
Federal Government itself, i.e. "territory, lands, property owned
by the Federal  Government....

///// - 43 Memo. of Law with Incorporated Points and Auth. - N

over which jurisdiction has been ceded by the state leg-
islature." However, the Federal Government does not have the power,
nor does the Constitution grant the power to punish persons for var-
ious other crimes over which jurisdiction is retained by the States.
Preventing and prosecuting such various crimes is much the business
of the States than the Federal Government. **Arizona v. Manypenny**,
451 U.S. 232, 101 S.Ct. 1657. It is of the utmost importance and
relevance to note, retain, and embellish within the mind that the
territorial jurisdiction of the United States is limited to the
Federal Enclaves. **United States v. Fessler**, 781 F.2d 384, 386 (1986).
In the instant matter, the facts and offense alleged do not conform
with or meet any jurisdiction requirements described within and in
the foregoing.   Thus, without proper jurisdiction of the subject
matter, any prosecution or continuation of this matter is unlawful
at its inception and duration.   To bring the offenses within the
jurisdiction of the federal courts, it must have been committed out
of the jurisdiction of any State; it is not the offenses committed,
but rather the place in which the offense is committed. **People v.
Godfrey**, 17 Johns 225 at 233.   In the doctrine of "Lex Loci" or the
"Law of the place" determines that standard of conduct and governs
as to matters within the right of action. See, **Gray v. Blight**, 112
F.2d 696.   While no one disputes the proposition that " the Consti-
tution created a Federal Government of limited powers," **Gregory v.
Ascroft**, 501 U.S. 452, 458, 115 L.Ed.2d 410, 111 S.Ct. 2395 (1991);
and that while the Tenth Amendment makes explict "that the powers
not delegated to the United States by the Constitution nor prohib-
ited by it to the States, are reserved to the States respective, or
to the people."

///// - 44 Memo. of Law with Incorporated Points and Auth. - N

72.

The argument is the division of authority between the State and Federal Government, and the Federal Government's jurisdiction in sustaining conviction under the Federal Statutory provisions in which the Petitioner is charged **Section 922(g)(1)**, the governments broader reading of these statutes would mark a major inroad into the domain traditionally left to the States.  If a power is delegated to Congress in the Constitution (such as those enumerated), the Tenth Amendment expressly disclaims any reservation of that power to the States.  If a power is an attribute of States sovereignty (such as this one we are arguing), resevered by the Congress.  See, <u>United States v. Oregon</u>, 366, U.S. 643, 649, 6 L.Ed.2d 575, 81 S.Ct. 1278 (1961), <u>Case v Bowles</u>, 327 U.S. 92, 102, 90 L.Ed. 552, 66 S.Ct. 438 (1946); <u>Oklahoma ex rel Phillips v. Guy F. Atkinson Co</u>., 313 U.S. 508, 534, 85 L.Ed. 1487, 61 S.Ct. 1050 (1941).

73.

It is this sense that the Tenth Amendment "States but a truism that all is retained which has not been surrendered."  <u>United States v Darby</u>, 312 U.S. 100, 124, 85 L.Ed. 609, 61 S.Ct. 451, 132 ARL 1430 (1941).  As Justice Story put it, "this amendment is a mere affirm-ation of what, upon any just reasoning is a necessary rule of in-terpreting the Constitution.  Being an instrument of limited and enumerated powers, it follows irresistable, that what is not conferred is withheld and belongs to the States' authorities. 3.j. **Story Commentaries on the Constitution of the United States 752 (1833)**. The argument this Petitioner brings to this court is the Federal Government did not have jurisdiction over the geographical location wherein the alleged activity took place, in land, which were never

ceded to the United States, the interstate commerce element becomes essential to establish jurisdcition and prove every element of the offense.    Applying the rational of the Supreme Court in **United States v Mechanik**, 475 U.S. 66, 70, 106 S.Ct. 938, 941, 89 L.Ed.2d 50 (1989), and **United States v Hooker**, 841 F.2d 1225, like the decision in **Hooker** Petitioner maintains that the harmelss error analysis of **Mechanik,** cannot be applied here because the court had no jurisdiction to try the Petitioner on a count which failed to expressly allege an effect on inter or intra-state commerce.    Jurisdiction is lacking if the indictment did not allege a federal crime, by means of a connection with Interstate Commerce.    This action by the prosecutor, would certainly deprive the Petitioner the basic protection, which the guaranty of the intervention of a Grand Jury was designed to secure.    For the defendant/petitioner could then be convicted on the basis of charges not found by and perhaps not even presented to the Grand Jury, which indicted him.    See, **Orfield**, Criminal Procedure **from arrest to appeal, 243.**    Petitioner now asserts his Fifth and Sixth Amendment Right of Due Process, in arguing that he was never indicted by his Grand Jury **for effecting any commerce!**    Thus, failure to present this element or state it in the pleading of the indictment, preclude the Appellate Court from sustaining his conviction. For all these above reasons, Petitioner asks this Court to look carefully to the Constitution and the cited statutes.    Petitioner asks this Court to invoke the doctrine of **Stare Decisis:** when a court has once laid down a principal of law applicable to a certain state of facts it will adhere to that principal, and apply it to all future cases, where facts are substantially the same regardless of

whether the parties are the same. The doctrine of Stare Decisis, provides the means by which courts assure that the law will not merely change erractically but will develop in principal and intelligible fashion; the doctrine permits society to presume that bedrock principal are found in law rather than in the proclivities of individuals, and there by contributes to the integrity of our Constitution system of government both in appearance and in fact. Petitioner now invokes the doctrine of **stare Decisis** to his arguments herein; "Any departure from the doctrine of Stare Decisis demands special justification." <u>**Arizona v. Rumsey**</u>, 467 US 203, 212, 81 L. 467 U.S. 203, 212, 81 L.Ed.2d 164, 104 S.Ct. 2305 (1984); also <u>**Olson v. Kennedy**</u>, 456 U.S. 667, 691 n.34, 72 L.Ed.2d 416, 102 SCt. 2083 (1982). Stevens J. concurring in judgment. **Title 18 USC §922 (g)(1)**, <u>id</u> Congress wanted this statute to be used, outside of it's territorial jurisdiction, such as anywhere or any place then it would have drafted the needed provision, which certainly would have included the Interstate Commerce nexus that is required. " federal criminal statute intended to be enforced within the States exceeds Congress' Commerce Clause authority." To uphold the government's contention that it can bring criminal charges for crimes committed within a State is to convert Congressional authority into police power, which is only within the authority of the States. See, <u>**United States v. Lopez**</u>, No. 93-1260, (decided **April 26, 1995**). In <u>**McCullough v. Maryland**</u>, 4 Wheat 316 (1819), the Federal Government had to acknowledge that it can only exercise power granted to it. The enumerated presupposes something not enumerated. See, <u>**Gibbons v Ogden**</u>, **supra at 195.** The Constitution mandates that Congress cannot create or give itself plenary police powers over the State territories. Congress must operate within the frame work of what

the Supreme Court defines the law to be.  See, <u>Marbury v Madison</u>,
1 Cranch 137.

74.

That, defense counsel failed at the sentencing of the Petitioner
to raise or challenge that §3551 of Title 18 applies only to those
who according to the language of the statute, supra had been found
guilty of any offense described in the Federal Statute...other then
an Act of Congress applicable exclusively in the District of Columbia.
Acts of Congress (Federal Law) are defined and circumscribed under
Rule 54(c) Federal Rules of Criminal Procedure.  Implementing reg-
ulations for **18 U.S.C. §3551** are at variance with their application
in the instant cause.  Where the instant matter is concerned, the
accused committed no violation of any properly enacted and duly
promulgated federal law within the legislative jurisdiction of the
Federal United States, nor within the parameters defined under the
implementing regulation for the Federal Sentencing provisions, thus,
the sentencing provisions set out under **18 U.S.C. §3551** do not apply
to the accused.  By consulting the **Parallel Tables of Authorities and
Rules 1997 Ed. at pg. 733**, it is found that the implementing regulation
for 18 U.S.C. §3551 are set out under 43 C.F.R. 9260-public lands,
Alaska, 36 C.F.R. 242-subsistence management regulations for public
lands Alaska, and 50 C.F.R. 100, (same as 36 C.F.R. 242).  Where
the instant matter is concerned the accused committed no violation
of any properly enacted and/or duly promulgated federal law within
the legislative jurisdiction of the Federal United States, nor
within the parameters defined under the implementing regulations
provisions, thus, the sentencing provisions set under 18 U.S.C.
§3551 do not apply to the accused.

75.

The court will find that the statutory provisions under which
the U.S. District Court imposed the sentence against the accused
(18 U.S.C. §3551) apply not to the Acts of Congress, which are
applicable only in the District of Columbia.  See, Rule 54(c).

76.

It may further be shown that the statutory provision, **18 U.S.
C. §3551**, is at variance with its published implementing, thereby
creating ambiguity as to its lawful authority and applicability
over the accused.

77.

An invalid, unconstitutional or non-existent statute affects
the validity of the "charging document," that is, the complaint,
indictment or information.  If these documents are void or fatally
defective, there is no subject matter jurisdiction since they are
the basis of the court's jurisdiction; when an accused-party is
indicted under a not yet effective or unenacted statute, the charg-
ing document is void.

78.

The indictment or complaint can be invalid if it is not con-
structed in the particular mode or form prescribed by the Consti-
tution or Statute (42 C.J.S., **'Indictments and Information,'** §1, p.833).
But it also can be defective and void when it charges a violation
of a law, and that law is void, unconstitutional, unenacted, or
mis-applied.  If the charging document is void, the subject matter
of a court does not exist.  The want of a sufficient affidavit,
complaint, or information goes to the jurisdiction of the court,

///// - 49 Memo. of Law with Incorporated Points and Auth. - N

... and renders all proceedings prior to the filing of a proper instrument void ab initio.  22 Corpus Juris Secundum, "Criminal Law," §324, p.390.

### 79.

One way in which a complaint, or indictment fails to charge a crime, is by its failure to have the  charge based upon a valid or duly enacted law.  Complaints or indictments which cite invalid laws, or incomplete law, or non-existent law are regarded as being invalid on their case, thus fatally defective.

### 80.

The crux then of this whole issue of jurisdiction revolves around law, that is, the law claimed to be violated.  If one is subject to a law, they are then under the jurisdiction of some authority.  If a  crime is a alleged but there is no law to form the basis of that crime, there is no jurisdiction to try and sentence one even though they are subject to the legislative body and the court.  There has to be a law, a valid law, for subject matter jurisdiction to exist. Laws which lack an enacting clause are not laws of the legislative body to which we are constitutionally subject.  Thus, if a complaint or information charges one with a violation of a law which has no enacting clause, then no valid law cited.  If it cites no valid law then the complaint charges no crime, and the court has no subject matter jurisdiction to try the accused-party.

> [N]o authority need to be cited for the proposition that, when a court lacks jurisdiction, any judgment rendered by it is void and unenforceable ... and without any force or effect whatever. **Hooker v. Boles**, 346 F.2d 285, 286 (1965).

A judge or court may be in a legal sense immune from any claims that it is guilty of wrong because of its improper exercise of jurisdiction. However, it has no such protection where it lacks jurisdiction and the issue has been raised and asserted. When the lack of jurisdiction has been shown, a judgment rendered is not only bold, but is also usurpation. Jurisdiction is a fundamental prerequisite, and an usurpation thereof is a nullity. **22 Corpus Juris Secundum,** **"Criminal Law," §150 p. 183** The excessive exercise of authority has reference to want of power over the subject matter, the result is void when challenged directly or collaterally. If it has reference merely to the judicial method of the exercise of power, the result is binding upon the parties to the litigation till reversed. The former is usurpation; the latter error in judgment. **Voorhees** **v The Bank of the United States**, 35 U.S. 449, 474-75 (1836), the line which separates error in judgment from the usurpation of power is very definite.

82.

This Honorable Court must be compelled to find as a Matter of Law, that the Petitioner is in custody and detained of his Liberty in violation of the Constitution of the United States of America, where the foregoing and the Court's own record support that the Federal Government lacked Federal Legislative jurisdiction over the locus in quo, whereon the purported prohibitive acts were committed; and,

83.

That the government lacked Federal Subject Matter jurisdiction where no prohibitive acts or conduct of the Petitioner moved be-

///// - 51 Memo. of Law with Incorporated Points and Auth. - N

yond the borders of the sovereign state, nor was the Petitioner indicted via the government's charging instrument, for an alleged violation of the Federal Interstate Commerce Statute, thus, the Federal Government lacked **Federal Subject Matter jurisdiction**, a sine qua non to federal prosecution of the offense alleged against the Petitioner

## CONCLUSION

### 84.

Where the instant cause is concerned, the Federal Statutory Provisions under which the Petitioner is imprisoned and detained of HIS LIBERTY, have not been promulgated by Congress in the Federal Register (44 U.S.C. §1505), nor do such statutory provisions possess published implementing regulations in the Code of Federal Regulations, nor is there to be found an Amendment to the Constitution, ratified by the several sovereign states, to provide for nationwide application of these Federal Statutory Provisions.

### 85.

The Consitution of the United States of America, provides that it is only the Congress of the United States who has the authority to create and enact Federal Laws.

### 86.

The Statutory Provision under which the Petitioner is charged do not have implementing regulations in the Code of Federal Regulations; the section falls under 62 **Statutes at Large,** which have not been promulgated in the Federal Register by Congress, and fails to possess any published implementing regulation in the Code of Federal Regulations.

87.

There is no amendment to the Constitution ratified by three-fourths of the sovereign states to provide for nationwide juris-diction and application of which the accused party is charged.

88.

The undersigned committed no violation of the Federal Interstate Commerce Statute, nor do the Federal Statutory Provisions under which he is indicted contain language which could interpose a commerce nexus. Thus there is no showing of Federal Subject Matter juris-diction.

89.

The locus in quo where the alleged prohibitive acts of the under-signed took place is a geographical location not within the Legis-lative, Territorial or Admiralty jurisdiction of the Federal Govern-ment.

**WHEREFORE,** the court should be compelled to find as a matter of Law that the Petitioner committed no alleged prohibitive acts within the Legislative, Territorial or Admiralty jurisdiction of the Federal United States, or within the reach of Interstate Commerce Clause Statute, therefore the petitioner is unlawfully incarcerated and detained in violation of his secured Constitutional Rights by way of Judgment of the court in want of jurisdiction. And the denial of the effective assistance of counsel, the petitioner must therefore, by law, be released and discharged from Federal custody, forthwith.

Date: 12-27-,2006

Respectfully Submitted by,

William Philip Camp Jr.,/Pro-Se
Reg. No. 10940-021

///// - 53 Memorandum of Law with Incorporated Points and Auth. - N

TABLE OF CITATIONS

FROM THE MEMORANDUM OF LAW

3.

ADAMS v UNITED STATES, DK. No. 97-2263 (2nd Cir. 1998)

UNITED STATES v MORGAN, 346 U.S. 502, 505 (1954)

4.

28 U.S.C. §88 District of Columbia-Courts, Act of June 7, 1934, 48 Stat 926, and the Act June 25, 1936, 49 Stat. 1921

O'DONOGHUE v UNITED STATES, 289 U.S. 516 (1933), 77 L.Ed 1356, 53 S.Ct.74

MOOKINI v U.S., 303 U.S.201 at 205(1938), 82 L.Ed 748, 58 S.Ct. 543

FEDERAL TRADE COMMISSION v KLESNER, 274 U.S. 145 (1927)

CLAIBORNE-ANNAPOLIS FERRY CO. v UNITED STATES, 285 U.S. 382 (1932)

6.

HARTFORD v DAVIES, 16 S.Ct. 1051 (1896)

UNITED STATES v BEAVANS, 16 U.S. (3 Wheat) 336 (1818)

UNITED STATES v BENSON, 495 F.2d 481 (1946)

UNITED STATES v ROGERS, 23 F.658 (DC Ark. 1885)

FORT LEAVENWORTH RAILROAD v IOWA, 114 U.S. 525 (1885)

ADAMS v UNITED STATES, 319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed. 1421 (1943)

7.

UNITED STATES v JOHNSON, 337 F.2d 180 (affmd) 86 S.Ct. 749, 383 U.S. 169, 15 L.Ed. 681

1-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth.-N

UNITED STATES v BEAVENS, 16 U.S. Wheat 336 (1818)

3 Wheat At 350,351

3 Wheat At 386,387

3 Wheat At 388

11.

People v Godfrey, 7 Johns 225 N.Y. (1819)

17 Johns, at 233 (emphasis added)

12.

United States v Beavens, supra

United states v Cornell, 2 Manson 60, 1 cir. (1819)

2 Manson, at 63

13.

New Orleans v United States, 35 U.S. (10 pet)662 (1836)

10 Pet. at 737

14.

New York v Miln, 36 U.S.(11Pet.) 102 (1837)

36 U.S. at 133

36 U.S. at 139

15.

Pollar v Hagan, 44 U.S. (3 How.) 212 (1845)

44 U.S. at 221

44 U.S. at 228, 229

16.

Fort Leavenworth R. Co. v Iowa, 114 U.S. 525, (1885) 995

114 U.S. at 531

2-Table of Cit. from the Memo Of Law w/Incorp. Points and Auth.-N

United States v Fox, 95 U.S. 670, 672 (1877)

Manchester v Massachusetts, 139 U.S. 240, 262 (1890)

United States v Flores, 289 U.S. 137, 151 (1932)

U.S. v Bedford, 27 Fed. Cas. p.91, 103, Case No. 15,867 (1847)

22.

United States v Britton, 108 U.S. 199, 206 (1882)

United States v Eaton, 144 U.S. 677, 687 (1891)

United States v Gradwell, 243 U.S. 476, 485 (1916)

Donnelley v United States, 276 U.S. 505-511 (1927)

Jerome v United States, 318 U.S. 101, 104 (1942)

Norton v United States, 92 Fed. 2d 753 (1937)

United States v Grossman, 1 Fed. 2d 941, 950-51 (1924)

23.

State of Pennsylvania v The Wheeling E. Bridge Co. 13, How. (54 U.S.) 518, 563 (1851)

24.

The United States v Worrall, 2 Dall. (2. U.S.) 384, 391 (1798)

25.

T.M. Cooley, A Treatise on the Constitutional Limitation, 5th Ed., pp. 54, 55

Cohens v Virginia, 6 Wheat. (19 U.S.) 264, 404 (1821)

20 Am Jur 2d §60, 377

Davis v Rogers, 1 Houst (del) 44

28.

Hagan v Lavine, 415 U.S. 528 (1974)

Ex Parte McCardle, 7, Wall 506 19 L.Ed. 264

e.q. Marbury v Madison, 1 Cranch 137, 173-180, 2 L.Ed. 60 (1803)

Mitchell v Maurer, 293 U.S. 237, 244, 79 L.Ed. 338, 55 S.Ct. 162 (1934)

Judice v Vail, 430 U.S. 327, 331, 332 51 L.Ed. 2d 376, 97 S.Ct.
1211 (1977) (standing)

Bender v Williams Port Areas School District, 475 U.S. 534, 89 L. Ed.
2d 501, 106 S.Ct. 1326

United States v Corrick, 298 U.S. 435, 440, 80 L.Ed. 1263, 56 D. Cy.
929 (1936)

e.g., Sumner v Matta, 449 U.S. 539, 547-548 n.2, 66 L.Ed. 722,
101 S.Ct. 764 (1981)

City of Kenosha v Bruno, 412 U.S. 507, 511 37 L.Ed. 2d, 109, 93 S.Ct.
2222 (1973)

Clark v Paul Gray, Inc., 306 U.S. 583, 588, 83 L.Ed. 1001 59 S.Ct.
744 (1939)

St. Paul Mercury Indemnity Co. v Red Cab Co., 303 U.S. 283, 287-288
n.10 82 L.Ed. 845 58 S.Ct. 586 (1939)

Marbury v Madison, 5 U.S. 137, 176-178, 1 Cranch 137 (1803)

Bell v Maryland, 379 U.S. 266, 224 (1964)

Stanard v Olesen, 74 S.Ct. 768 (1954)

McNutt v G.M., 56 S.Ct. 789, 80 L.Ed. 1135

Thomas v Gaskiel, 62 S.Ct. 673, 83 L.Ed. 111

Housenbaum v Bauer, 120 U.S. 450 (1887)

31.

46 American Jurisprudence 2d Judgments §26

American Jurisprudence 2d Courts §115

32.

State of Rhode Island et, al v Commonwealth of Mass., 37 U.S. 657
(1938)

Adams v United States, 87 L.Ed. 1421

American Jurisprudence 2d Courts §60 page

4-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth-N

Old Wayne Mut. Life Asso. v McDonough, 204 U.S. 8, 51 L.Ed. 345, 27 S.Ct. 236

35.

Stirone v United States, 361 U.S. 212,80 S.Ct. 270, 4 L.Ed. 2d 252 (1960) at 857

36.

Brecht v Abrahamson, 507 U.S. 123 L.Ed. 2d 353, 113 S.Ct. 1710 (1993)

Engle v Isaac, 456 U.S. 107, 128, 71 L.Ed. 2d 783,102 S.Ct. 1031, 162 ALR 1330 (1945)

United States v Unmans, 410 U.S. 396 411-412, 35 L.Ed. 2d 379, 93 S.Ct. 1007 (1973)

United States v Bass, 404 U.S. 336, 349 30 L.Ed. 2d 488, 92 S.Ct. 515 (1971)

37.

United States v Knowles, 29 F.3d 947, 952 (5th Cir. 1994)

38.

Meyer v United States, 175 F.2d 45, 47 (2nd Cir. 1949)

Lewellyn v Nunez, 573 F.2d. 769 (2d Cir. 1978)

C.I.R. v Ridgeway's Estates, 291 F.2d 257 (3rd Cir. 1961)

United States v Cruikshank, 92 U.S. 542, 558 23 L.Ed. 588, 593

United States v Simmons, 96 U.S. 360, 362, 24 L.Ed. 819,820

United States v Carll, 105 U.S. 611, 612, 26 L.Ed. 1135

U.S. v Hess, 124 U.S. 483, 487, 31 L.Ed. 516, 518, 8 S.Ct. 543

Blitz v U.S., 153 U.S. 308, 315, 38 L.Ed. 725, 14 S.Ct. 924

Keck v U.S., 172 U.S. 434, 437 43 LEd. 505, 507, 19 S.Ct. 254

Morissette v U.S., 246, 270 note 30, 96 L.Ed. 288, 304 S.Ct. 240,cf.

U.S. v Petrillio, 332 U.S. 1, 10, 11, 91 L.Ed. 1877, 1884, 1885, 67 S.Ct. 1538

Hamling v United States, 418 U.S. 87, 117, 94 S.Ct. 1887, 2907-08, 41 L.Ed. 2d 590 (1974)

5-Table of Cit from the Memo of law w/Inccrp Point and Auth-IV

U.S. v Pupo, 841 F.2d 1235 (4th Cir. 1988)

U.S. v Hooker, Supra. At 841 F.2d 1225 (4th Cir. 1988)

Orfield Criminal Procedure from Arrest to Appeal 243

Ex Parte Bain, 121 U.S. 1, 30 L.Ed. 849, 7 S.Ct. 781

United States v Norris, 821 U.S. 619, 74 L.Ed. 1076, 50 S.Ct. 424

Stirone v United States, 361 U.S. 212, 4 L.Ed. 2d. 252, 80 S.Ct. 270

Ex Parte Bain, surpra (121 U.S. at 10,13 )

Stirone v United States, supra (361 U.S. at 218)

42.

United States v Fox, 95 U.S. 670, 672 (1877)

Manchester v Massachusetts, 139 U.S. 240, 262 (1890)

United States v Flores, 289 U.S. 137, 151 (1932)

U.S. v Bedford, 27 Fed. Cas., p. 91, 103, Case No. 15,867 (1847)

44.

United States v Britton, 108 U.S. 199, 206 (1882)

United States v Eaton, 144 U.S. 677, 687 (1897)

United states v Gradwell, 243 U.S. 476, 485 (1916)

Donnelley v United States, 276 U.S. 505, 511 (1927)

Jerome v United States, 318 U.S. 101, 104 (1942)

Norton v United States, 92 Fed. 2d 753 (1937)

United States v Grossman, 1.Fed. 2d 941, 950-51 (1924)

45.

State of Pennsylvania v The Wheeling E. Bridge Co., 13 How. (54 U.S.) 518, 563 (1851)

The United States v Wortall, 2 Dall. (2. U.S.) 384, 391 (1798)

47.

T.M. Cooley, A Treatise on the Constitutional Limitations, 5th Ed., pp. 54, 55

6-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth.-N

49.

Five Flages Pig Line Co. v Dept. of Transportation, 854, F.2d 1438, 1440 (1988)

Stephan v United States, 319 U.S. 415, 426 (1943)

44 Stat Part 1, preface

Murrell v Western Union Tel. Co., 160 F.2d 737, 733 (1947)

United States v Mercur Corp., 83 F.2d 178, 180 (1936)

53.

Roger's Inc. v United States, 265 F.2d 615, 618 (1959)

55.

Slaughter-House Cases, 83 U.S. 36

United States v Dewitt, 76 U.S. 41

Gibbons v Ogden, 22 U.S. 1

Keller v United States, 213 U.S. 138

People v Godfrey, 17 Johns 225, at 233 (N.Y. 1818)

United States v Beavans, 16 (3 Wheat) 336 (1818)

Adams v United States, 319 U.S. 312 (1943)

Caha v United States, 152 U.S. 211, 215 (1894)

58.

Foley Brothers v Filardo, 336 U.S. 281 (1949)

62.

Hotch v United States, 212 F.2d 280 (9th Cir. 1954), at p.283

63.

Wei v Robinson, 246 F.2d 739 (7th Cir. 1957) cert. den. 78 S.Ct. 144, 355 U.S. 879

Wolfson v United States, 492 F.2d 1386, 204 Ct. Cl. 83 (1974)

7-Table of Cit. from the Memo. of Law w/ Incorp. Points and Auth.-N

Northern States Power Co. v Rural Electrification Administration, 243 F. Supp. 616 (1965)

64.

United States v Mersky, 361 U.S. 431, 438 (1960)

65.

United States v Reinis, 794 F.2d 506 (9th Cir. 1986)

United States v Two Hundred Thousand Dollar, 590 F. Supp. 846 (S.D. Fla. 1984)

66.

United States v Welden, 377 U.S. 95 (1964)

Stephan v United States, 319 U.S. 423 (1943)

Best Foods v United States, 147 F. Supp. 749, 37 Cust. Ct. 1 (1956)

Peart v Motor Vessel Bering Explorer, 373 F. Supp. 927 (1974)

67.

United States v Nevers, 7 F.3d 59 (5th Cir. 1993)

United States v Larionoff, 431 U.S. 864, at 973, 97 S. Ct. 2150, at 2156, 53 L.Ed. 2d, 48 at 56

Manhattan Gen. Equip. Co. v C.I.R., 297 U.S. at 134

Neel v United States, 266 F. Supp. at 10

Western Union Teleg. Co. v F.C.C., 541 F.2d 346, 354 (3rd Cir. 1976), cert. den. 429 U.S. 1029 (1977)

Morning v Family Publications Services, Inc., 411 U.S. 356, 369 (1973)

United States v Mersky, supra.

69.

United States v Pupo, 841 F.2d 1235

8-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth.- N

United States v Lopez, 73 F.2d at 124

United States v McCray, 665 F.2d 664, 671, 679 (5th Cir. 1982)

United States v Stirone, 361 U.S. 212, 4 L.Ed. 2d 252, 80 S. Ct.

United States v Wuco, 535 F.2d 1225 (9th Cir. 1976). Cert. denied 429 U.S. 973, 97 S. Ct. 458, L.Ed. 2d 586 (1976)

Hale v United States, 89 F.2d (4th Cir.)

United States v Berlin, 472 F.2d 1002, 1007 (2d Cir. 1973)

United States v Beard, 414 F.2d 1014, 1017 (3rd Cir.)

United States v Lopez, at 2F.3d 1342

71.

Arizona v Manypenny, 451 U.S. 232, 101 S. Ct. 1657

United States v Fessler, 781 F.2d 384, 386 (1986)

People v Godfrey, 17 Johns 225 at 233

Gray v Blight, 112 F.2d 696

Gregory v Ascroft, 501 U.S. 452, 458, 115 L.Ed. 2d 410, 111 S. Ct. 2395 (1991)

72.

United States v Oregon, 366, U.S. 643, 649, 6 L.Ed. 2d 575, 81 S. Ct. 1278 (1961)

Case v Bowles, 327 U.S. 92, 102 90 L.Ed. 552, 66 S. Ct. 438 (1946)

Oklahoma ex rel Phillips v Guy F. Atkinson Co., 313 U.S. 508, 534, 85 L.Ed. 1487, 61 S. Ct. 1050 (1941)

73.

United States v Darby, 312 U.S. 100, 124, 85 L.Ed. 609, 61 S. Ct. 451, 132 ARL 1430 (1941)

United States v Mechanik, 475 U.S. 66, 70, 106 S. Ct. 938, 941, 89 L.Ed. 2d 50 (1989)

United States v Hooker, 841 F.2d 1225

Ariz _____ s. 203, 212, 51 L.Ed. 2d 164, 104 S. Ct. 2305 (1934)

<u>Oregon v Kennedy</u>, 456 U.S. 667, 691, 692 n. 34, 72 L.Ed. 2d 416, 102 S. Ct. 2083 (1982)

<u>United States v Lopez</u>, No. 93-1260

<u>McCullough v Maryland</u>, Wheat 316 (1819)

<u>Gibbons v Ogden</u>, Supra at 195

<u>Marbury v Madison</u>, 1 Cranch 137, 177 (1803)

74.

<u>18 U.S.C. §3551</u>

Parallel Tables of Authorities and Rules 1997 Ed. at pg. 733

43 C.F.R. 9260-public lands, Alaska

36 C.F.R. 242-subsistence management regulations for public lands in Alaska

50 C.F.R. 100, (same as C.F.R. 242)

78.

42 C.J.S. 'Indictments and Information' §1, p.833

22 Corpus Juris Secundum, "Criminal Law", §324, p.390

80.

<u>Hooker v Boles</u>, 346 F.2d 285, 286 (1965)

81.

22 Corpus Juris Secundum, "Criminal Law", §150 p.183

<u>Voorhees v The Bank of the United States</u>, 35 U.S. 449, 474-75 (1836)

84.

Federal Register (44 U.S.C. §1505)

```
  OAK32   540*23  *              SENTENCE MONITORING        *      11-14-2006
PAGE 001            *             COMPUTATION DATA           *      14:44:11
                                   AS OF 11-14-2006

REGNO..: 10940-021 NAME: CAMP, WILLIAM PHILLIP JR


FBI NO...........: 680994P1           DATE OF BIRTH: 03-06-1958
ARS1.............: OAK/A-DES
UNIT.............: ALLEN             QUARTERS.....: A08-436U
DETAINERS........: NO               NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 09-13-2007

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  01-12-2008 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 020 ------------------------


COURT OF JURISDICTION...........: GEORGIA, SOUTHERN
DOCKET NUMBER...................: CR404-00251-001
JUDGE..........................: MOORE
DATE SENTENCED/PROBATION IMPOSED: 04-20-2005
DATE COMMITTED..................: 07-06-2005
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


                FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.:  $100.00        $00.00        $5,000.00     $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-------------------------CURRENT OBLIGATION NO: 010 ---------------------------

OFFENSE CODE....:  136
OFF/CHG: 18:922(G)(1) POSSESSION OF FIREARMS BY A CONVICTED FELON.

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:    46 MONTHS
  TERM OF SUPERVISION............:     3 YEARS
  DATE OF OFFENSE................: 09-08-2004
```

```
G0002       MORE PAGES TO FOLLOW . . .
```

07 0224

**FILED**

JAN 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit - A

# PARALLEL TABLE OF AUTHORITIES AND RULES

The following table lists rulemaking authority (except 5 U.S.C. 301) for regulations codified in the *Code of Federal Regulations*. Also included are statutory citations which are noted as being interpreted or applied by those regulations.

The table is divided into four segments: United States Code citations, United States Statutes at Large citations, public law citations, and Presidential document citations. Within each segment the citations are arranged in numerical order:

For the United States Code, by title and section;
For the United States Statutes at Large, by volume and page number;
For public laws, by number; and
For Presidential documents (Proclamations, Executive orders, and Reorganization plans), by document number.

Entries in the table are taken directly from the rulemaking authority citation provided by Federal agencies in their regulations. Federal agencies are responsible for keeping these citations current and accurate. Because Federal agencies sometimes present these citations in an inconsistent manner, the table cannot be considered all-inclusive.

The portion of the table listing the United States Code citations is the most comprehensive, as these citations are entered into the table whenever they are given in the authority citations provided by the agencies. United States Statutes at Large and public law citations are carried in the table only when there are no corresponding United States Code citations given.

This table is revised as of January 1, 1998.

07 0224

**FILED**

JAN 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

[EXHIBIT B]

**EXHIBIT B**

# CFR Index

**16 U.S.C.—Continued** — **CFR**

355, 356, 380
60 Parts 11,
12, 14, 17, 24
1561 et seq ................................50 Part 227
1603 ...........................................36 Part 200
1604 ...........................................36 Part 219
1606 .............................................7 Part 701
1608—1610 ...............................23 Part 660
1612 ...........................................36 Part 216
1612 note ..................................36 Part 215
1613 ...........................................36 Part 219
1620 .............................................7 Part 1
1704 ...........................................43 Part 26
1801 et seq ...............................50 Parts 268,
300, 600, 622, 630, 640, 644, 648, 649,
654, 660, 662, 674, 678, 679
1801—1882 ..............................15 Part 904
1851 note ..................................15 Part 904
50 Part 697
1853 ...........................................15 Part 905
50 Part 605
1901 et seq .................................36 Part 9
1901—1912 ..............................43 Part 3830
1907 ...........................................43 Part 3830
2001—2645 ..............................18 Part 290
2001—2009 ................................7 Part 601
2101 et seq ...............................36 Part 200
2101—2111 .................................7 Part 701
2103b ........................................36 Part 230
2114 ...........................................36 Part 230
2201—2205 ...............................7 Part 701
2203—2205 .................................7 Part 601
2203 .............................................7 Part 624
2309 ...........................................16 Part 455
2401 et seq ...............................45 Part 672
40 Part 8
2401—2412 ..............................15 Part 904
45 Part 670
2401 ...........................................45 Part 670
2403 .............................................40 Part 8
2405 ...........................................45 Part 671
2431 et seq ...............................50 Part 300
2431—2444 ..............................15 Part 904
2501—2514 ...............................36 Part 72
2601—2645 ...............................18 Parts 2—4,
32—35, 37, 41, 45, 46, 101, 116, 131,
141, 154, 281, 286, 290, 292, 375, 381,
382, 385
2901 ...........................................50 Part 83
3101 et seq ...............................36 Parts 9, 13
43 Parts 36,
3000, 3110, 3120, 3150
50 Part 36
3101—3126 ...............................36 Part 242
50 Part 100
3124 ...........................................43 Part 2090
3142 ...........................................50 Part 37
3170 ...........................................36 Part 251
3197 ...........................................36 Part 13
3210 ...........................................36 Part 251
3371 et seq ...............................50 Parts 10—12, 14
3371—3378 ..............................15 Part 904
50 Parts 10, 14, 300
3372 ...........................................25 Part 244
3373 .............................................7 Parts 1, 380

**16 U.S.C.—Continued** — **CFR**

3501 et seq ...............................50 Part 13
3601—3608 ..............................13 Part 116
3631 et seq ...............................15 Part 904
3631—3644 ..............................50 Part 674
3636 ...........................................15 Part 904
3801 et seq ...............................50 Part 300
3801 .............................................7 Part 12, 601
3834 .............................................7 Part 610
3837 et seq .................................7 Part 1400
3837—3837f ...............................7 Part 1467
3839aa—3839aa—8 ....................7 Part 623
3841—3844 .................................7 Part 1466
3843 .............................................7 Part 12
3844 .............................................7 Part 614
3901 et seq .................................7 Part 1940
4101 et seq ...............................50 Part 25
4201—4245 ..............................50 Part 253
4223—4244 ..............................50 Part 17
4301—4309 ..............................50 Part 14
36 Part 290
43 Part 37
4601—6a .....................................36 Part 291
4901—4916 ..............................50 Parts 13, 14
5101 et seq ...............................50 Part 697
5501 et seq ...............................50 Part 300

**17 U.S.C.**

101 ...........................................19 Part 133
111 ...........................................37 Parts 801, 803
116 ...........................................37 Part 254
118 ...........................................37 Part 253
119 ...........................................37 Part 257, 258
509 ...........................................28 Part 9
601—603 ..................................19 Part 133
702 ...........................................37 Parts 201—204,
211, 256, 310
801—803 ..................................37 Part 251
801 ...........................................37 Parts 252—255, 304
802 ...........................................37 Parts 256, 310
803 ...........................................37 Parts 252, 253, 255
804 ...........................................37 Part 306
908 ...........................................37 Part 211
1007 .........................................37 Part 259

**18 U.S.C.**

13 .............................................32 Parts 210, 263, 1290
39 Part 232
42—44 ......................................50 Part 11
42 .............................................19 Part 12
50 Parts 10, 13, 14, 16
43—44 ......................................50 Part 12
47 .............................................43 Part 4700
109 ...........................................21 Part 41
201—212 ..................................24 Part 0
201—209 ..................................12 Part 511
29 Part 2202
32 Part 1293
201 ...........................................19 Part 161
201 note ...................................20 Part 360
202 ...........................................14 Part 300
203 .............................................7 Part 1
31 Part 8
205 .............................................7 Part 1
14 Part 300
31 Part 8
207 ...........................................5 Parts 1204, 2641

Authorities

18 U.S.C.—Continued

| | CFR |
|---|---|
| | 11 Part 7 |
| | 12 Parts 400, |
| | 933, 2404, 2637 |
| | 14 Parts 300, 1207 |
| | 15 Part 0 |
| | 16 Part 1030 |
| | 17 Part 140 |
| | 19 Part 200 |
| | 22 Parts 18, 223, 525, 710 |
| | 28 Part 45 |
| | 29 Part 0 |
| | 31 Part 15 |
| | 36 Part 905 |
| | 39 Part 956 |
| | 41 Part 105–735 |
| | 45 Parts 73b, 500 |
| | 46 Parts 500, 502 |
| | 49 Part 98 |
| 208 | 5 Part 2640 |
| | 10 Part 1010 |
| | 12 Part 264a |
| | 15 Part 0 |
| | 16 Part 5 |
| | 18 Part 1301 |
| | 22 Part 606 |
| | 29 Parts 0 |
| | 34 Part 73 |
| | 45 Part 680 |
| | 46 Part 500 |
| 219 | 32 Part 516 |
| 223 | 28 Part 524 |
| 241 note | 24 Part 573 |
| 437 | 25 Part 140 |
| 474 | 31 Parts 402, 405 |
| 474A | 31 Part 601 |
| 492 | 31 Parts 101, 402, 403 |
| 512 | 28 Part 9 |
| 545 | 19 Parts 145, 161 |
| 546 | 19 Part 162 |
| 550 | 19 Part 191 |
| 641 | 12 Part 4 |
| | 43 Part 8200 |
| | 49 Part 801 |
| 701 | 32 Part 507 |
| | 50 Part 80 |
| 702 | 32 Part 507 |
| 707 | 7 Part 8 |
| 711 | 36 Part 271 |
| 751—752 | 28 Part 511 |
| 751 | 28 Part 570 |
| 798 | 32 Parts 322, 518 |
| 799 | 14 Parts 1203a, 1214 |
| 831—835 | 49 Parts 392, 396, 398 |
| 831—833 | 49 Part 397 |
| 834 | 49 Part 178 |
| 835 | 49 Part 397 |
| 847 | 27 Parts 55, 178 |
| 921—928 | 27 Part 178 |
| 921 | 27 Part 72 |
| 926 | 27 Part 200 |
| 951 | 28 Part 73 |
| 981 | 28 Part 9 |
| | 39 Part 233 |
| 982 | 28 Part 9 |
| 1001 | 7 Part 1443 |
| | 32 Part 525 |

18 U.S.C.—Continued

| | CFR |
|---|---|
| 1001ff | 38 Part 21 |
| 1017 | 36 Part 701 |
| 1114 | 28 Part 64 |
| 1116 | 22 Part 3 |
| 1159 | 25 Part 309 |
| 1261 | 27 Part 72 |
| 1362 | 32 Parts 527, 552, 770 |
| 1467 | 28 Part 9 |
| 1512 | 28 Part 551 |
| 1693—1699 | 39 Parts 310, 320 |
| 1752 | 31 Part 408 |
| 1791—1792 | 28 Part 511 |
| 1791 | 28 Parts 6, 540 |
| 1793 | 28 Part 511 |
| 1851—1861 | 43 Part 9260 |
| 1851—1858 | 43 Part 9230 |
| 1905—1906 | 12 Part 4 |
| 1905 | 19 Part 103 |
| | 20 Part 402 |
| | 21 Part 20 |
| | 45 Part 5 |
| 1955 | 28 Part 9 |
| 1956—1957 | 39 Part 233 |
| 1963 | 28 Part 9 |
| 2071 | 49 Part 801 |
| 2152 | 32 Part 761 |
| 2253 | 28 Part 9 |
| 2254 | 28 Part 9 |
| | 39 Part 233 |
| 2257 | 28 Part 75 |
| 2332d | 31 Parts 500, |
| | 515, 535, 550, 560, 575, 596 |
| 2341—2346 | 27 Part 296 |
| 2386 | 28 Part 10 |
| 2510 et seq | 15 Parts 730, |
| | 738, 742, 774 |
| 2513 | 28 Part 9 |
| 3001 note | 28 Part 42 |
| 3013 | 28 Part 545 |
| 3050 | 28 Part 511 |
| 3056 | 31 Parts 409, 413 |
| 3059 | 28 Part 7 |
| 3061 | 39 Parts 232, 233 |
| 3401—3402 | 32 Part 1290 |
| 3401 | 28 Part 52 |
| | 32 Part 516 |
| 3496 | 22 Part 92 |
| 3500 | 32 Part 518 |
| 3521—3528 | 28 Part 524 |
| 3551 et seq | 43 Part 9260 |
| 3551—3586 | 36 Part 242 |
| | 50 Part 100 |
| 3559 | 10 Part 860 |
| | 42 Part 72 |
| 3565 | 28 Parts 527, 571 |
| 3568—3569 | 28 Part 571 |
| 3568 | 28 Part 523 |
| 3569 | 28 Part 527 |
| 3571 | 10 Parts 860, 1048 |
| | 28 Part 545 |
| | 42 Part 72 |
| 3582 | 28 Part 571 |
| 3621—3622 | 28 Parts 500, 501, |
| | 505, 511—513, 522—524, 527, 540, 541— |
| | 545, 547—552, 570, 571 |
| 3621 | 28 Part 553 |

18 U.S.C.—Continued

                                              CFR
3622 ....................................................28 Part 553
3624 ....................................................28 Part 553
3624 ........................................28 Parts 500, 501,
    505, 511—513, 522—524, 527, 540, 541—
    545, 547—552, 570, 571
3663 ....................................................28 Part 545
4001—4002 .......................................28 Part 26
4001 ...............................................28 Parts 500,
    501, 503—505, 511—513, 522—524, 527,
    540—543, 545, 547—553, 570—572
4001 note ..........................................28 Part 505
4003 ..........................................28 Parts 503, 504
4005 ..........................................28 Parts 549, 551
4012 ....................................................28 Part 511
4042 ...............................................28 Parts 66,
    67, 70, 500, 501, 503—505, 511—513,
    522—524, 527, 540—543, 545, 547—550,
    552, 553, 570—572
4041 ....................................................28 Part 504
4045 ....................................................28 Part 549
4046 ....................................................28 Part 524
4081—4082 ......................................28 Parts 500,
    501, 503, 505, 511—513, 522—524, 527,
    540—545, 547—550, 552, 553, 570—572
4081 ....................................................28 Part 504
4100—4115 .......................................28 Part 527
4126 ...............................................28 Parts 301,
    302, 345, 545, 553
4161—4166 ......................................28 Parts 501, 522,
    523, 527, 541, 544, 550, 570, 571
4162—4165 .......................................28 Part 551
4201—4218 ......................................28 Parts 527, 571
4203—4204 .......................................28 Part 2
4203 ....................................................13 Part 102
                                                  28 Part 16
4205 ....................................................28 Part 572
4241—4247 .......................................28 Part 549
4251—4255 .......................................28 Part 550
4351—4353 ......................................28 Parts 66, 67, 69, 70
5003 ....................................................28 Part 527
5006—5024 .......................................28 Parts 500,
    501, 503, 505, 511—513, 522—524, 527,
    542, 543, 545, 547—550, 553, 570, 571
5006—5014 .......................................28 Part 541
5006 ....................................................28 Part 552
5015 ..........................................28 Parts 543, 551, 572
5016—5024 .......................................28 Part 541
5017 ....................................................28 Part 2
5024 ....................................................28 Part 552
5031—5042 .......................................28 Part 571
5039 ...............................................28 Parts 500,
    501, 503, 505, 511—513, 522—524, 527,
    540—543, 545, 547—550, 552, 553, 570,
    572
5041 ....................................................28 Part 2
6002 ....................................................14 Part 13
                                                  16 Parts 2—4
6004 ..........................................16 Parts 2—4

19 U.S.C.

2 .........................................................19 Part 101
54 .......................................................19 Part 24
58a—58c .............................................19 Part 24
58b .............................................19 Parts 101, 122
58c .....................................................19 Part 111

19 U.S.C.—Continued

                                              CFR
    7, 10—12, 18, 19, 24, 54, 101—103, 111—
    115, 118, 122, 123, 125, 127, 128, 132—
    134, 141—148, 151, 152, 153, 159, 161,
    162, 171—177, 181, 191, 192
81a—81u .......................................15 Part 400
                                          19 Parts 146, 147
81a—81b .......................................15 Part 400
81c ..................................................19 Part 191
                                      27 Parts 19, 25, 250, 251, 252
81f ...................................................15 Part 400
81j ...................................................15 Part 400
81l—81s ...........................................15 Part 400
197—198 ..........................................19 Part 158
288 ....................................................19 Part 4
289 ....................................................19 Part 4
293—294 ..........................................19 Part 4
482 ....................................................19 Part 162
794 ....................................................32 Part 1906
1202 ..........................................7 Parts 6, 1530
                                                  9 Part 151
                                          15 Parts 30, 301, 315
                                                  19 Parts 7,
    10, 12, 18, 19, 24, 54, 101, 102, 111,
    114, 125, 128, 132, 134, 141, 145—148,
    151, 152, 177, 181, 191
                                          27 Parts 251, 252
                                          50 Parts 10, 13, 15
1202 note ...........................................7 Part 6
                                                  14 Part 1214
                                                  15 Part 303
                                                  19 Part 351
1303 ..........................................19 Parts 12, 207, 353
1303 note ..........................................19 Part 351
1304 ..................................................19 Part 134
1305 ..........................................19 Parts 12, 145
1306 ..................................................7 Part 330
                                          9 Parts 92—94, 98, 130
1307 ..................................................19 Part 12
1309 ..........................................19 Parts 10, 191
                                                  27 Part 252
1311—1312 ...................................19 Parts 19, 125
1311 ..................................................19 Part 151
                                                  21 Part 1220
                                          27 Parts 19, 252
1313 ..........................................19 Parts 10, 191
1315 ..................................................19 Parts 141,
                                                  145, 152
1317 ..................................................19 Part 10
1321 ..........................................19 Parts 10, 128, 145, 148
1322—1333 ......................................19 Part 18
1322 ..........................................19 Parts 4, 123
1331 ..................................................19 Part 201
1333 ..........................................19 Parts 201, 210
1335 ..........................................19 Parts 200—202,
    204—206, 210, 213
1336 ..................................................19 Part 207
1337 ..........................................19 Parts 12, 210
1339 ..................................................19 Part 213
1342 ..................................................19 Part 210
1365 ..................................................7 Part 1530
1401a .........................................19 Parts 10, 141, 152
1402 ..........................................19 Parts 10, 141
1411—1414 ......................................19 Part 101
1431—1435 ......................................19 Part 4
1431 ..........................................19 Parts 103, 123, 162

Reorganization Plans—Continued

CFR

1953 Plan No. 2 .................. 45 Parts 7, 16, 204
1953 Plan No. 1 ...................... 7 Part 2
.................. 32 Part 185
1961 Plan No. 3 .................. 46 Parts 345—347
.................. 14 Parts 213,
216, 247, 334, 385
1961 Plan No. 6 .................. 12 Parts 501, 933
1961 Plan No. 7 .................. 46 Parts 202,
206, 207, 251, 276, 280, 283, 294, 309,
310, 331, 381, 385, 390, 391, 501, 585,
586
1965 Plan No. 1 .................. 19 Part 101
1965 Plan No. 2 .................. 15 Part 903
1968 Plan No. 2 .................. 24 Parts 1, 2
.................. 49 Part 601
1968 Plan No. 3 .................. 40 Parts 180, 190
1970 Plan No. 2 .................. 41 Part 101—37
1970 Plan No. 3 .................. 21 Part 193
.................. 40 Parts 2,
112, 121, 160, 177—179, 190, 194
1970 Plan No. 4 .................. 15 Part 950
.................. 50 Parts 251, 254, 260
1973 Plan No. 1 .................. 31 Part 9

Reorganization Plans—Continued

CFR

1977 Plan No. 2 .................. 45 Parts 345—347
.................. 22 Parts 504,
514—518
1978 Plan No. 1 .................. 29 Parts 1614,
1620, 1621, 1625—1627, 1690
1978 Plan No. 2 .................. 5 Parts 177,
179, 1250—1255
1978 Plan No. 3 .................. 44 Parts 1, 2,
5—15, 18, 59—68, 70—73, 75, 77, 78,
80—83, 150—152, 206, 222, 300—304,
306, 308, 312, 320, 321, 323, 324, 327—
331, 350, 351, 360, 361
.................. 48 Parts 4401—4403,
4405, 4406, 4408, 4409, 4412, 4414—
4417, 4419, 4424, 4426, 4429, 4432, 4433,
4435, 4436, 4452,
1978 Plan No. 4 .................. 29 Parts 2510,
2550, 2570
1979 Plan No. 1 .................. 10 Parts 1500,
1502, 1504, 1530, 1534
1979 Plan No. 3 .................. 15 Parts 705, 2009
1980 Plan No. 1 .................. 10 Part 1



*Office of the Attorney General*
*Washington, D. C. 20530*

March 20, 1997

BY CERTIFIED MAIL

The Honorable Gary Locke
Governor of Washington
P.O. Box 40002
Olympia, WA  98504

RECEIVED

MAR 27 1997

OFFICE OF THE GOVERNOR

Dear Governor Locke:

On behalf of the United States, I hereby accept concurrent legislative jurisdiction over the site of a Federal Bureau of Prisons facility, near Seattle and Tacoma, Washington, to be used for prisoner detention, correction, and other purposes. As you may know, construction of the facility, presently known as FDC Seatac, is well under way. The facility is soon expected to begin operations.

The State of Washington has consented to the acquisition by the United States of land acquired for federal purposes, see Wash. Rev. Code Ann. § 37.04.010, and has ceded concurrent criminal and civil legislative jurisdiction over such land to the United States for all purposes for which the United States acquired the land, see Wash. Rev. Code Ann. § 37.04.020; see also Department of Labor and Industries v. Dirt & Aggregate, Inc., 120 Wash.2d 49, 52-53, 837 P.2d 1018, 1021 (Wash. 1992) (holding that the state may cede legislative jurisdiction to the United States, and that the scope of the federal jurisdiction is governed by the terms of the cession).

07 0224

Federal law provides that a state's cession of legislative jurisdiction to the United States does not take effect until accepted by the head of the federal department that has custody over the land. 40 U.S.C. § 255. This letter constitutes the United States' acceptance of concurrent criminal and civil jurisdiction over the site of the facility. Copies of the

**FILED**

JAN 29 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

[EXHIBIT C]



The Honorable Gary Locke
Page 2

Declaration of Taking and general warranty deeds for the site are enclosed.

Concurrent legislative jurisdiction will mutually benefit the State of Washington and the United States. Absent federal legislative jurisdiction, the state would have the entire burden of prosecuting offenses that might be committed at the facility, except those offenses that violate federal law even when committed outside areas of federal legislative jurisdiction. Concurrent jurisdiction enables the United States to investigate and prosecute certain offenses when appropriate, without displacing state authorities. Criminal offenses perpetrated by or against federal prisoners confined at the institution can be investigated by the Federal Bureau of Investigation and prosecuted by the United States Attorney. Thus, cession of concurrent jurisdiction may relieve the State of some of the burden of investigating and prosecuting criminal offenses that occur at the federal institution. In some situations, it might be more appropriate for the State to investigate and prosecute violations of state law, and the State could do so.

Please execute the acknowledgment of receipt of this letter on the enclosed copy, and return that copy to:

Michael E. Wall
United States Department of Justice
Environment & Natural Resources Division
Policy, Legislation and Special Litigation Section
950 Pennsylvania Avenue, NW, Room 2133
P.O. Box 4390
Washington, DC 20044-4390.

Should you need any further information, please have your staff contact Mr. Wall on (202) 514-1442, or Jeffrey J. Limjoco, an attorney with the Federal Bureau of Prisons, on (202) 307-1240.

The Honorable Gary Locke
Page 3

I appreciate your assistance in this important area of
federal-state cooperation.

Sincerely,

Janet Reno

Enclosures

Receipt of the above notice of acceptance of concurrent
legislative jurisdiction over the site of the Federal Detention
Center near Seattle and Tacoma, Washington (FDC Seatac) is hereby
acknowledged this 11th day of April, 1997.

Governor of Washington



Office of the Attorney General
Washington, D. C. 20530



RECEIVED

MAY - 6 1997

OFFICE OF THE
GOVERNOR

May 1, 1997

BY CERTIFIED MAIL

The Honorable Frank Keating
Governor of Oklahoma
Oklahoma City, Oklahoma    73105

Dear Governor Keating:

On behalf of the United States, I hereby accept concurrent legislative jurisdiction over the land that presently is the site of the Federal Transfer Center (FTC) in Oklahoma City.

The State of Oklahoma recently enacted Senate Bill No. 283 to cede to the United States concurrent legislative jurisdiction over the FTC site. That bill, styled "An Act Relating to the United States; Ceding Concurrent Jurisdiction Over Certain Real Property to the United States; Reserving Concurrent Jurisdiction for Certain Purposes; Providing for the Termination of Such Jurisdiction; Providing for Codification; and Declaring an Emergency," was signed by you on April 9, 1997.  Section 1 of the Bill provides, in relevant part:

Notwithstanding any other provision of law, concurrent jurisdiction is hereby ceded to the United States over the tract of land comprised and any tracts of land hereafter comprised within the limits of the Oklahoma City Federal Transfer Center, a facility which is leased to the United States and located at Will Rogers World Airport in Oklahoma City, County of Oklahoma. . . . The jurisdiction so ceded shall continue no longer than the United States shall lease or own such lands or portions thereof.

Federal law provides that a state's cession of legislative jurisdiction to the United States does not take effect until accepted by the head of the federal department that has custody over the land. 40 U.S.C. § 255.  This letter constitutes the United States' acceptance of concurrent criminal and civil legislative jurisdiction over the tracts of land presently comprised within the limits of the FTC.  Enclosed is a copy of the property description for the land over which the United States accepts concurrent jurisdiction.

The Honorable Frank Keating
Page 2

Please execute the acknowledgment of receipt of this letter on the enclosed copy, and return that copy to:

Michael E. Wall
United States Department of Justice
Environment & Natural Resources Division
Policy, Legislation and Special Litigation Section
950 Pennsylvania Avenue, NW, Room 2133
P.O. Box 4390
Washington, DC 20044-4390

Should you need any further information, please have your staff contact Mr. Wall on (202) 514-1442, or Jane Crowell, an attorney with the Federal Bureau of Prisons, on (202) 307-1240.

I appreciate your assistance in this important area of federal-state cooperation.

Sincerely,

Janet Reno

Enclosure

Receipt of the above notice of acceptance of concurrent legislative jurisdiction over the site of the Federal Transfer Center in Oklahoma City, Oklahoma, is hereby acknowledged this ____ day of _____, 199_.

Governor of Oklahoma

EXHIBIT (d)


Evidentiary Hearing
[not submitted]


07 0224


**FILED**

JAN 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT


[EXHIBIT d]



UNITED STATES      OF AMERICA

# Congressional Record

PROCEEDINGS AND DEBATES OF THE 80th CONGRESS
SECOND SESSION

## VOLUME 94—PART 8

JULY 26, 1948, TO DECEMBER 31, 1948
(PAGES 9353 TO 10316)

07 0224

FILED

JAN 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES GOVERNMENT PRINTING OFFICE, WASHINGTON, 1948

EXHIBIT E

Congressional
Record

VOL. 94
PART 8
PAGES 9353 TO 10316

80TH CONGRESS
2D SESSION
JULY 26, 1948
TO
DECEMBER 31, 1948



# Congressional Record

United States
of America

### PROCEEDINGS AND DEBATES OF THE 80th CONGRESS, SECOND SESSION

## SENATE

### MONDAY, JULY 26, 1948

The Senate reassembled this day in its Chamber at the Capitol, in the city of Washington, in pursuance of the proclamation of the President of the United States of the 15th day of July 1948.

ARTHUR VANDENBERG, President pro tempore, called the Senate to order at 12 o'clock noon.

Rev. Bernard Braskamp, D. D., pastor of the Gunton-Temple Memorial Presbyterian Church, Washington, D. C., offered the following prayer:

O Thou God of infallible wisdom, we have entered upon days which are fraught with perplexing problems and heavy responsibilities, but also with glorious opportunities and possibilities.

We pray that we may have the interpreting light and the clear and confident leading of Thy spirit in all our deliberations and decisions.

May the ideals and principles of our blessed Lord not only stir our emotions but our wills, and may every lofty God-inspired sentiment be translated into action and achievement.

Grant that it may be the goal of all our aspirations to glorify Thy great and holy name and to build Thy kingdom of peace and good will among men and nations.

Hear us for the sake of the Christ. Am'n.

The PRESIDENT pro tempore. The proclamation of the President reconvening the Congress will be read by the clerk.

The Chief Clerk (Edward E. Mansur, Jr.) read the proclamation, as follows:

CONVENING THE CONGRESS BY THE PRESIDENT OF THE UNITED STATES OF AMERICA—A PROCLAMATION

Whereas the public interest requires that the Congress of the United States should be convened at 12 o'clock noon on Monday, the 26th day of July 1948, to receive such communication as may be made by the Executive:

Now, therefore, I, Harry S. Truman, President of the United States of America, do hereby proclaim and declare that an extraordinary occasion requires the Congress of the United States to convene at the Capitol in the city of Washington, on Monday, the 26th day of July 1948, at 12 o'clock noon, of which all persons who shall at that time be entitled to act as Members thereof are hereby required to take notice.

In witness whereof, I have hereunto set my hand and caused to be affixed the great seal of the United States.

XCIV——550

Done at the city of Washington this 15th day of July, in the year of our Lord 1948, and of the independence of the United States of America the one hundred and seventy-third.

HARRY S. TRUMAN.

By the President:
    G. C. MARSHALL,
        Secretary of State.

### CALL OF THE ROLL

Mr. WHERRY. I suggest the absence of a quorum.

The PRESIDENT pro tempore. The clerk will call the roll.

The Chief Clerk called the roll, and the following Senators answered to their names:

| | | |
|---|---|---|
| Aiken | Hickenlooper | O'Daniel |
| Baldwin | Hill | O'Mahoney |
| Barkley | Hoey | Pepper |
| Bremner | Holland | Reed |
| Brooks | Jenner | Revercomb |
| Butler | Johnson, Colo. | Robertson, Va. |
| Byrd | Johnston, S.C. | Robertson, Wyo. |
| Cain | Kem | Russell |
| Capehart | Kilgore | Saltonstall |
| Capper | Knowland | Smith |
| Connally | Langer | Sparkman |
| Cooper | Lodge | Stennis |
| Cordon | Lucas | Stewart |
| Donnell | McCarthy | Taft |
| Downey | McClellan | Taylor |
| Eastland | McFarland | Thomas, Okla. |
| Ecton | McGrath | Thomas, Utah |
| Ellender | McMahon | Thye |
| Fenzel | Magnuson | Tobey |
| Ferguson | Martin | Umstead |
| George | Maybank | Vandenberg |
| Green | Millikin | Watkins |
| Gurney | Moore | Wherry |
| Hatch | Murray | Wiley |
| Hawkes | Myers | Williams |
| Hayden | O'Conor | Young |

Mr. WHERRY. I announce that the Senator from Minnesota [Mr. BALL], the Senator from Ohio [Mr. BRICKER], the Senator from Delaware [Mr. BUCK], the Senator from South Dakota [Mr. BUSHFIELD], the Senator from Vermont [Mr. FLANDERS], the Senator from Oregon [Mr. MORSE], and the Senator from Iowa [Mr. WILSON] are necessarily absent.

The Senator from New Hampshire [Mr. BRIDGES] is detained on official business.

The Senator from Idaho [Mr. DWORSHAK] is absent on official state business.

The Senator from New York [Mr. IVES] is absent because of illness in his family.

The Senator from Nevada [Mr. MALONE] is absent on official committee business of the Committee on Public Works.

Mr. LUCAS. I announce that the Senator from New Mexico [Mr. CHAVEZ] is unavoidably detained.

The Senator from Arkansas [Mr. FULBRIGHT], the Senator from Nevada [Mr. McCARRAN], the Senator from Tennessee [Mr. McKELLAR], the Senator from Maryland [Mr. TYDINGS], and the Sena-

tor from New York [Mr. WAGNER] are necessarily absent.

The PRESIDENT pro tempore. Seventy-eight Senators having answered to their names, a quorum is present.

### THE JOURNAL

Mr. WHERRY. Mr. President, I ask unanimous consent, that, without reading, the Journal of the proceedings of the Senate for the calendar days Friday, June 18, Saturday, June 19, and Sunday, June 20, 1948, be approved.

The PRESIDENT pro tempore. Without objection, the order is made.

### ENROLLED BILLS AND JOINT RESOLUTIONS SIGNED AFTER ADJOURNMENT

Subsequent to the adjournment of the Senate on June 20, 1948, the President pro tempore, under the authority of House Concurrent Resolution 219, signed the following enrolled bills and joint resolutions, which had previously been signed by the Speaker of the House of Representatives:

S. 165. An act for the relief of Doris E. Snyder;

S. 418. An act to provide for water-pollution-control activities in the Public Health Service of the Federal Security Agency and in the Federal Works Agency, and for other purposes;

S. 595. An act to provide that the rates of compensation for disabilities incurred in active military or naval service other than in a period of war service shall be equal to 80 percent of the rates payable for similar disabilities incurred during active service in time of war;

S. 1243. An act to provide for the payment of revenue from certain lands into the tribal funds of the Confederated Tribes of the Warm Springs Reservation of Oregon, and for other purposes;

S. 1260. An act to create a commission to hear and determine the claims of certain motor carriers;

S. 1322. An act to provide a Federal charter for the Commodity Credit Corporation;

S. 1683. An act to confer jurisdiction on the State of New York with respect to offenses committed on Indian reservations within such State;

S. 1715. An act for the relief of Archie Hamilton and Delbert Hamilton;

S. 1717. An act for the relief of the estate of William R. Stirgil, deceased;

S. 1969. An act to amend the Philippine Rehabilitation Act of 1946 in connection with the training of Filipinos as provided for in title III;

S. 2217. An act conferring jurisdiction upon the Court of Claims of the United States to hear, determine, and render judgment upon the joint claims of Silas Mason Co., Inc.; Walsh Construction Co.; and Atkinson-Kier Co.;

S. 2242. An act to authorize for a limited period of time the admission into the United States of certain European displaced persons for permanent residence, and for other purposes;

62 Stat.]    80TH CONG., 2D SESS.—CH. 646—JUNE 25, 1948    869

[CHAPTER 646]

AN ACT

To revise, codify, and enact into law title 28 of the United States Code entitled "Judicial Code and Judiciary".

June 25, 1948
[H. R. 3214]
[Public Law 773]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That title 28 of the United States Code, entitled "Judicial Code and Judiciary" is hereby revised, codified, and enacted into law, and may be cited as "Title 28, United States Code, section —", as follows:

Title 28, U. S. Code.
Codification and enactment into law.

# TITLE 28, JUDICIARY AND JUDICIAL PROCEDURE

| Part | | Sec. | |
|---|---|---|---|
| I. | Organization of courts | 1 | *Infra.* |
| II. | United States attorneys and marshals | 501 | *Post,* p. 909. |
| III. | Court officers and employees | 601 | *Post,* p. 913. |
| IV. | Jurisdiction and venue | 1251 | *Post,* p. 927. |
| V. | Procedure | 1651 | *Post,* p. 943. |
| VI. | Particular proceedings | 2201 | *Post,* p. 964. |

## PART I.—ORGANIZATION OF COURTS

| Chapter | | Sec. |
|---|---|---|
| 1. | Supreme Court | 1 |
| 3. | Courts of appeals | 41 |
| 5. | District courts | 81 |
| 7. | Court of Claims | 171 |
| 9. | Court of Customs and Patent Appeals | 211 |
| 11. | Customs Court | 251 |
| 13. | Assignment of judges to other courts | 291 |
| 15. | Conferences and councils of judges | 331 |
| 17. | Resignation and retirement of judges | 371 |
| 19. | Distribution of reports and digests | 411 |
| 21. | General provisions applicable to courts and judges | 451 |

## CHAPTER 1—SUPREME COURT

Sec.
1. Number of justices; quorum.
2. Terms of court.
3. Vacancy in office of Chief Justice; disability.
4. Precedence of associate justices.
5. Salaries of justices.
6. Records of former court of appeals.

### § 1. Number of justices; quorum

The Supreme Court of the United States shall consist of a Chief Justice of the United States and eight associate justices, any six of whom shall constitute a quorum.

### § 2. Terms of court

The Supreme Court shall hold at the seat of government a term of court commencing on the first Monday in October of each year and may hold such adjourned or special terms as may be necessary.

### § 3. Vacancy in office of Chief Justice; disability

Whenever the Chief Justice is unable to perform the duties of his office or the office is vacant, his powers and duties shall devolve upon the associate justice next in precedence who is able to act, until such disability is removed or another Chief Justice is appointed and duly qualified.

### § 4. Precedence of associate justices

Associate justices shall have precedence according to the seniority of their commissions. Justices whose commissions bear the same date shall have precedence according to seniority in age.

[CHAPTER 645]

## AN ACT

To revise, codify, and enact into positive law Title 18 of the United States Code, entitled "Crimes and Criminal Procedure".

June 25, 1948
[H. R. 3190]
[Public Law 772]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That Title 18 of the United States Code, entitled "Crimes and Criminal Procedure", is hereby revised, codified, and enacted into positive law, and may be cited as "Title 18, U. S. C., § ——", as follows:

Title 18, U. S. Code. Codification and enactment into positive law.

### TITLE 18—CRIMES AND CRIMINAL PROCEDURE

| Part | | Sec. | |
|---|---|---|---|
| I. | CRIMES | 1 | *Infra.* |
| II. | CRIMINAL PROCEDURE | 3001 | *Post,* p. 813. |
| III. | PRISONS AND PRISONERS | 4001 | *Post,* p. 847. |
| IV. | CORRECTION OF YOUTHFUL OFFENDERS | 5001 | *Post,* p. 855. |

### PART I—CRIMES

| Chapter | | Sec. |
|---|---|---|
| 1. | General provisions | 1 |
| 3. | Animals, birds and fish | 41 |
| 5. | Arson | 81 |
| 7. | Assault | 111 |
| 9. | Bankruptcy | 151 |
| 11. | Bribery and graft | 201 |
| 13. | Civil rights | 241 |
| 15. | Claims and services in matters affecting government | 281 |
| 17. | Coins and currency | 331 |
| 19. | Conspiracy | 371 |
| 21. | Contempts constituting crimes | 401 |
| 23. | Contracts | 431 |
| 25. | Counterfeiting and forgery | 471 |
| 27. | Customs | 541 |
| 29. | Elections and political activities | 591 |
| 31. | Embezzlement and theft | 641 |
| 33. | Emblems, insignia, and names | 701 |
| 35. | Escape and rescue | 751 |
| 37. | Espionage and censorship | 791 |
| 39. | Explosives and combustibles | 831 |
| 41. | Extortion and threats | 871 |
| 43. | False personation | 911 |
| 45. | Foreign relations | 951 |
| 47. | Fraud and false statements | 1001 |
| 49. | Fugitives from justice | 1071 |
| 51. | Homicide | 1111 |
| 53. | Indians | 1151 |
| 55. | Kidnaping | 1201 |
| 57. | Labor | 1231 |
| 59. | Liquor traffic | 1261 |
| 61. | Lotteries | 1301 |
| 63. | Mail fraud | 1341 |
| 65. | Malicious mischief | 1361 |
| 67. | Military and Navy | 1381 |
| 69. | Nationality and citizenship | 1421 |
| 71. | Obscenity | 1461 |
| 73. | Obstruction of justice | 1501 |
| 75. | Passports and visas | 1541 |
| 77. | Peonage and slavery | 1581 |
| 79. | Perjury | 1621 |
| 81. | Piracy and privateering | 1651 |
| 83. | Postal service | 1691 |
| 85. | Prison-made goods | 1761 |
| 87. | Prisons | 1791 |
| 89. | Professions and occupations | 1821 |
| 91. | Public lands | 1851 |
| 93. | Public officers and employees | 1901 |
| 95. | Racketeering | 1951 |

672

[CHAPTER 644]

AN ACT

To codify and enact into law Title 3 of the United States Code, entitled "The President".

June 25, 1948
[H. R. 6412]
[Public Law 771]

Title 3, U. S. Code, Codification and enactment into positive law.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That Title 3 of the United States Code, entitled "The President", is codified and enacted into positive law and may be cited as "3 U. S. C., § ——", as follows:

## TITLE 3—THE PRESIDENT

Chap.                                                                      Sec.
1. PRESIDENTIAL ELECTIONS AND VACANCIES_____ 1
2. OFFICE AND COMPENSATION OF PRESIDENT_____ 101
3. PROTECTION OF THE PRESIDENT; THE WHITE HOUSE POLICE_____ 201

*Infra*
*Post,* p. 678.
*Post,* p. 679.

CHAPTER 1—PRESIDENTIAL ELECTIONS AND VACANCIES

Sec.
1. Time of appointing electors.
2. Failure to make choice on prescribed day.
3. Number of electors.
4. Vacancies in electoral college.
5. Determination of controversy as to appointment of electors.
6. Credentials of electors; transmission to Secretary of State and to Congress; public inspection.
7. Meeting and vote of electors.
8. Manner of voting.
9. Certificates of votes for President and Vice President.
10. Sealing and endorsing certificates.
11. Disposition of certificates.
12. Failure of certificates of electors to reach President of Senate or Secretary of State; demand on State for certificate.
13. Same; demand on district judge for certificate.
14. Forfeiture for messenger's neglect of duty.
15. Counting electoral votes in Congress.
16. Same; seats for officers and Members of two Houses in joint meeting.
17. Same; limit of debate in each House.
18. Same; parliamentary procedure at joint meeting.
19. Vacancy in offices of both President and Vice President; officers eligible to act.
20. Resignation or refusal of office.

## CHAPTER 1—PRESIDENTIAL ELECTIONS AND VACANCIES

### TIME OF APPOINTING ELECTORS

§ 1. The electors of President and Vice President shall be appointed, in each State, on the Tuesday next after the first Monday in November, in every fourth year succeeding every election of a President and Vice President.

### FAILURE TO MAKE CHOICE ON PRESCRIBED DAY

§ 2. Whenever any State has held an election for the purpose of choosing electors, and has failed to make a choice on the day prescribed by law, the electors may be appointed on a subsequent day in such a manner as the legislature of such State may direct.

### NUMBER OF ELECTORS

§ 3. The number of electors shall be equal to the number of Senators and Representatives to which the several States are by law entitled at the time when the President and Vice President to be chosen come into office; except, that where no apportionment of Representatives has been made after any enumeration, at the time of choosing electors,

07-224 RMC

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

**I (a) PLAINTIFFS**

WILLIAM P. CAMP, JR.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
**(EXCEPT IN U.S. PLAINTIFF CASES)**

PRO SE PR

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**DEFENDANTS**

ALBERTO GONZALES, ETAL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

CASE NUMBER  1:07CV00224

JUDGE: Rosemary M. Collyer

DECK TYPE: Habeas Corpus/2255

DATE STAMP: __/29/2007

---

**II. BASIS OF JURISDICTION**

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

**III CITIZENSHIP** OF PRINCIPAL PARTIES
FOR PLAINTIFF

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

☐ **E. General Civil (Other)** OR ☐ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☑ **G.** *Habeas Corpus / 2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIV. ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☑ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2241 Habeas Corpus

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint
**JURY DEMAND:** ☐ YES ☑ NO

## VIII. RELATED CASE(S) IF ANY

N/F (See instruction) ☐ YES ☑ NO If yes, please complete related case form.

**DATE** 1.29.07 **SIGNATURE OF ATTORNEY OF RECORD** NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.** CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.** CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.** RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

